**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE: | Chapter 11 |
| ONE TABLE RESTAURANT BRANDS, LLC, *et al.*,[1] | Case No. 24-11553 (KBO) |
| | (Jointly Administered) |
| Debtors. | **Hearing Date: _____, 2024 @ \_\_\_\_.m. (ET)** **Objection Deadline: \_\_\_\_, 2024 @ \_\_.m. (ET)** |

**ORDER (A) APPROVING BIDDING PROCEDURES AND PROTECTIONS IN CONNECTION WITH A SALE OF SUBSTANTIALLY ALL OF DEBTORS' ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS; (B) AUTHORIZING THE DEBTORS TO DESIGNATE A STALKING HORSE BID; (C) SCHEDULING AN AUCTION AND SALE HEARING; (D) APPROVING THE FORM AND MANNER OF NOTICE THEREOF; (E) APPROVING PROCEDURES RELATED TO ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND LEASES; AND (F) GRANTING RELATED RELIEF**

Upon consideration of the *Debtors' Motion for Entry of Orders: (I) (A) Approving Bidding Procedures and Protections in Connection With a Sale of Substantially All of Debtors' Assets Free And Clear Of Liens, Claims, Encumbrances and Interests; (B) Authorizing the Debtors to Designate a Stalking Horse Bid; (C) Scheduling an Auction and Sale Hearing; (D) Approving the Form And Manner of Notice Thereof; and (E) Approving Procedures Related to Assumption and Assignment of Certain Executory Contracts and Leases; (II) (A) Authorizing Sale of Substantially All of Debtors' Assets Pursuant to Successful Bidder(s)' Asset Purchase Agreement(s), Free and*

---

[1] The Debtors in these Cases, along with the last four (4) digits of their federal tax identification numbers, are: (1) One Table Restaurant Brands, LLC, a Delaware limited liability company (9853); (2) One Table Restaurant Operations, LLC, a Delaware limited liability company (7280), (3) Tender Greens OpCo, LLC, a Delaware limited liability company (7827); (4) Tocaya Holdings LLC, a Nevada limited liability company (8815); (5) Tocaya Organica, LLC, a California limited liability company (6720); (6) Tocaya Management, LLC, a Nevada limited liability company (6789); (7) BLT Steak LA LLC, a California limited liability company (4688); (8) Tocaya Venice LLC, a California limited liability company (0159); (9) Tocaya South Bay LLC, a California limited liability company (0401); (10) Tocaya Toluca LLC, a California limited liability company; and (11) Tocaya Santa Monica LLC, a California limited liability company (8134). The Debtors' mailing address is: 1201 W. 5th Street, Suite T-400, Los Angeles, CA 90017.

*Clear of Liens, Claims, Encumbrances, and Other Interests; and (B) Approving Assumption and Assignment of Certain Executory Contracts and Leases; and (III) Granting Related Relief* [D.I. ] (the "Motion")[2], the *Declaration of Harald Herrmann in Support of First Day Pleadings* [D.I. 9] (the "First Day Declaration"), the Declaration of Richard Klein in support of the Motion (collectively with the Motion and the First Day Declaration, the "Sale Pleadings") filed by the above-captioned debtors and debtors-in-possession (the "Debtors"); the Court having reviewed the Sale Pleadings and the record in the Debtors' chapter 11 cases (the "Cases"); the Court having considered the statements of counsel to the Debtors and other parties in interest; and after due deliberation, this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, and their creditors, and the Debtors having demonstrated good, sufficient and sound business justifications for the relief granted herein;

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A.     Findings of Fact and Conclusion of Law.  The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), made applicable to this proceeding pursuant to Rule 9014 of the Bankruptcy Rules.  To the extent any findings of fact herein constitute conclusions of law, they are adopted as such.  To the extent any conclusions of law herein constitute findings of fact, they are adopted as such.

---

[2] Except where otherwise indicated, capitalized terms used but not defined herein shall have the meanings ascribed to them in the Sale Pleadings.

B.      <u>Jurisdiction and Venue</u>.   The Court has jurisdiction over the Motion and the transactions contemplated therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M), and (O).  Venue in this district is proper under 28 U.S.C. §§ 1408 and 1409.

C.      <u>Basis for Relief</u>.   The statutory bases for the relief requested in the Motion are (i) sections 105, 363, 365, and 503 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") and (ii) Rules 2002(a)(2), 6004, 6006, and 9014 of the Bankruptcy Rules and Rules 2002-1 and 6004-1 of the Local Rules for the United States Bankruptcy Court District of Delaware (the "<u>Local Rules</u>").

D.      <u>Approval of the Bidding Procedures</u>.   The Debtors have articulated good and sufficient business reasons for the Court to approve the bidding procedures attached hereto as **Exhibit 1** (the "<u>Bidding Procedures</u>"). The Bidding Procedures are fair, reasonable, and appropriate and are designed to maximize the value of the proceeds of one or more sales (each, a "<u>Sale Transaction</u>") of all or substantially all of the assets of the Debtors (the "<u>Assets</u>"). The Bidding Procedures were negotiated in good faith and at arm's length and are reasonably designed to promote a competitive and robust bidding process to generate the greatest level of interest in the Debtors' Assets. The Bidding Procedures comply with the requirements of Local Rule 6004-1(c).

E.      <u>Sale Notice</u>. The sale notice, the form of which is attached  hereto as **Exhibit 2** (the "<u>Sale Notice</u>"), is appropriate and reasonably calculated to provide all interested parties with timely and proper notice of the Auction, the Sale Hearing (as defined in the Bidding Procedures), the Bidding Procedures, the Sale Transaction(s), and all relevant and important dates and objection

deadlines with respect to the foregoing, and no other or further notice of the Sale Hearing, the Sale Transaction(s), or the Auction shall be required.

F.    <u>Assumption and Assignment Procedures</u>. The Debtors have articulated good and sufficient business reasons for the Court to approve the assumption and assignment procedures set forth herein and in the Bidding Procedures (the "<u>Assumption and Assignment Procedures</u>"). The Assumption and Assignment Procedures are fair, reasonable, appropriate, and comply with the provisions of Section 365 of the Bankruptcy Code and Bankruptcy Rule 6006.

G.    <u>Assumption and Assignment Notice</u>. The assumption and assignment notice attached hereto as **<u>Exhibit 3</u>** (the "<u>Assumption and Assignment Notice</u>") is appropriate and reasonably calculated to provide all interested parties with timely and proper notice of the Assumption and Assignment Procedures, as well as any and all objection deadlines related thereto, and no other or further notice shall be required for the procedures described therein, except as expressly required herein

I.    <u>Notice</u>. Notice of the Motion, the Bidding Procedures,  and the Bidding Procedures Hearing was (i) appropriate and reasonably calculated to provide all interested parties with timely and proper notice, (ii) in compliance with all applicable requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules and (iii) adequate and sufficient under the circumstances of the Cases, such that no other or further notice need be provided except as set forth in the Bidding Procedures and the Assumption and Assignment Procedures. A reasonable opportunity to object and be heard regarding the relief granted herein has been afforded to all parties in interest.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT:**

1.    The Motion is GRANTED as set forth herein.

2.      Except as provided to the contrary herein, all objections to the Motion or the relief provided by this order (the "<u>Bidding Procedures Order</u>") that have not been withdrawn, waived, or settled, and all reservations of rights included therein, are overruled and denied on the merits with prejudice.

3.      <u>Approval of Bidding Procedures</u>.  The Bidding Procedures, attached hereto as **<u>Exhibit 1</u>**, are hereby approved in their entirety, are incorporated herein by reference, and shall govern the bids and proceedings related to the Sale Transactions and the Auction. The failure to specifically include or reference any particular provision of the Bidding Procedures in the  Motion or this Bidding Procedures Order shall not diminish or otherwise impair the effectiveness of such procedures, it being the Court's intent that the Bidding Procedures are approved in their entirety, as is fully set forth in this Bidding Procedures Order.

4.      The Debtors are authorized to take any and all actions necessary or appropriate to implement the Bidding Procedures. The Debtors are further authorized, in the exercise of their reasonable business judgment, to modify the Bidding Procedures in accordance with the terms thereof.

5.      <u>Bid Deadline</u>. September 19, 2024 at 4:00 p.m. (prevailing Eastern time) is hereby set as the Bid Deadline, as further detailed in the Bidding Procedures.

6.      <u>Auction</u>.  If the Debtors receive one or more Qualified Bids (as defined in the Bidding Procedures) by the Bid Deadline, the Auction shall take place on September 23, 2024 at 10:00 a.m. (prevailing Pacific time), at the offices of Shulman Bastian Friedman & Bui LLP, 100 Spectrum Center Drive, Suite 600, Irvine, CA 92618, or such other place (including by videoconference) as the Debtors shall notify all proposed attendees.  The Auction shall be conducted in accordance with the Bidding Procedures.  In the event the Debtors determine not to

hold an Auction for some or all of the Assets, the Debtors will file with the Court, serve on the Sale Notice Parties (defined below) and cause to be published on https://cases.stretto.com/onetable (the "Claims Agent Website"), a notice containing the following information, as applicable: (i) a statement that the Auction for the relevant Assets has been canceled; (ii) the identity of the Successful Bidder; (iii) a copy of the Successful Bid or a summary of the material terms of such Successful Bid, including any assumption and assignment of Contracts contemplated thereby; and (iv) the date, time and location of the applicable Sale Hearing.

7.     Notice of Auction Results. No later than September 24, 2024, the Debtors will file with the Court, serve on the Sale Notice Parties and cause to be published on the Claims Agent Website, a notice setting forth the results of the Auction (the "Notice of Auction Results"), which shall (i) identify each Successful Bidder and each Backup Bidder, (ii) include a copy of each Successful Bid, including any assumption and assignment of Contracts (as defined in the Bidding Procedures) contemplated thereby, as well as a summary of the material terms of each Backup Bid, and (iii) set forth the Post-Auction Objection Deadline, the date, time and location of the Sale Hearing and any other relevant dates or other information necessary to reasonably apprise the Sale Notice Parties of the outcome of the Auction.

8.     Post-Auction Objection Deadline. Following service of the Notice of Auction Results, parties may object to the conduct of the Auction and/or the particular terms of any proposed Sale Transaction in a Successful Bid, other than with respect to any Stalking Horse Bid, if any (each such objection, a "Post-Auction Objection"). Any Post-Auction Objection shall be (a) in writing and state, with specificity, the legal and factual bases thereof and include any appropriate documentation in support thereof, (b) be filed with the Court, and (c) served on the Objection

Notice Parties by no later than September 25, 2024, at 4:00 p.m. (prevailing Eastern Time) (the "Post-Auction Objection Deadline").

9.    Credit Bidding.  For purposes of any bid by the DIP Lender, including any overbid, the DIP Lender shall be entitled to credit bid up to the full amount of the obligations owed by the Debtors under the Prepetition Loans and DIP Credit Facility pursuant to Bankruptcy Code section 363(k).  Notwithstanding anything in this Bidding Procedures Order or the Bidding Procedures to the contrary, (a) any credit bid or cash bid by the DIP Lender shall be a Qualified Bid, and (b) the DIP Lender shall be a Qualified Bidder.  Other than as set forth in this paragraph, no other credit bidding shall be allowed. For the avoidance of doubt, and subject to any interim or final order granting the *Motion of Debtors Pursuant to Sections 105, 362, 363, 364, 503 And 507 of the Bankruptcy Code, Bankruptcy Rule 4001, and Local Rule 4001-2, for Interim and Final Orders (I) Authorizing Debtors to Obtain Postpetition Financing and Use Cash Collateral; (II) Granting Priming and Other Liens and Super-Priority Claims and Adequate Protection; (III) Modifying the Automatic Stay; and (IV) Granting Related Relief* [D.I. 14], nothing in this Bidding Procedures Order shall limit or otherwise prejudice the rights of the Committee or any other creditor to object to or challenge any credit bid, and the right of the DIP Lender to oppose any such objection or challenge is expressly reserved; provided, however, that a credit bid shall be permitted absent the entry of an order by the Bankruptcy Court to the contrary.

10.    Sale Notice.  The Sale Notice is hereby approved in its entirety. Within two (2) business days after entry of this Bidding Procedures Order, the Debtors will cause the Sale Notice and this Bidding Procedures Order to be published on the Claims Agent Website and served upon the following (collectively, the "Sale Notice Parties"): (a) counsel to the DIP Lender: (i)  Elkins Kalt Weintraub Reuben Gartside LLP, 10345 W Olympic Boulevard, Los Angeles, CA 90064,

Attention: Michael I. Gottfried, Esq. mgottfried@elkinskalt.com, Lauren N Gans, lgans@elkinskalt.com; and (ii) Richard Riley, RRiley@whitefordlaw.com, and David Gaffey, DGaffey@whitefordlaw.com; (b) all persons and entities known by the Debtors to have asserted any lien, claim, interest or encumbrance in the Assets (for whom identifying information and addresses are available to the Debtors); (c) Counterparties to any Contract that may be assumed or rejected; (d) any governmental authority known to have a claim against the Debtors in these Cases; (e) the Office of the United States Trustee; (f) the Federal Trade Commission; (g) the Bureau of Consumer Protection;  (h) all applicable federal, state and local taxing authorities, including the Internal Revenue Service; (i) the United States Attorney's Office for the District of Delaware; (j) United States Attorney General's Office for the District of Delaware; (k) the Office of the Attorney General and the Secretary of State in each state in which the Debtors operate; (l) the California Department of Alcoholic Beverage Control; (m) the Arizona Department of Liquor Licenses and Control; (n) counsel for the Committee; (o) all of the parties entitled to notice pursuant to Bankruptcy Rule 2002; and (p) all other parties as directed by the Court.

11.     <u>Publication Notice</u>.  No later than five (5) business days after entry of the Bidding Procedures Order, the Debtors will cause substantially all of the information contained in the Sale Notice to be published once in *The Wall Street Journal* (national edition), *Los Angeles Times*, or a similar regional or national publication.

12.     <u>Notice</u>. Compliance with the foregoing provisions for the Sale Notice shall constitute sufficient notice of the Debtors' proposed sale of the Assets free and clear of liens, claims, interests, and encumbrances, pursuant to section 363(f) of the Bankruptcy Code and otherwise, and, except as set forth in this Bidding Procedures Order, no other or further notice of the sale shall be required to be provided by the Debtors.

13.     <u>Approval of Stalking Horse Procedures</u>. The following Stalking Horse Procedures

are hereby approved:

(a)     If the Debtors enter into a Stalking Horse Agreement, they must
file a notice (the "<u>Stalking Horse Notice</u>") with the Court and
serve the Stalking Horse Notice on: (i) counsel to the Committee;
(ii) the Office of the United States Trustee; (iii) counsel to
Breakwater; and (iv) any other party that has requested notice
pursuant to Bankruptcy Rule 2002.

(b)     The Stalking Horse Notice must: (i) include a copy of the
Stalking Horse Agreement;  and (ii) disclose whether the Stalking
Horse Bidder is an "insider" or "affiliate" of any of the Debtors,
as those terms are defined in section 101 of the Bankruptcy Code,
as well as any common identity of incorporators, directors,
officers, or controlling stockholders between the Stalking Horse
Bidder and the Debtors.

(c)     Any objections to a Stalking Horse Notice must be filed within
seven calendar days of service of the Stalking Horse Notice.

(d)     In the event the Debtors enter into a Stalking Horse Agreement
with a Stalking Horse Bidder, upon the consummation of a sale of
all or any portion of the Assets to any party other than the
Stalking Horse Bidder or as otherwise provided in the Sale Order,
the Debtors shall pay to the Stalking Horse Bidder a "break-up"
fee equal to (i) three percent (3%) of the Stalking Horse Bid plus
(ii) reimbursement of all actual costs and expenses incurred by
the Stalking Horse Bidder not to exceed one percent (1%) of the
Stalking Horse Bid (collectively, the "<u>Break-up Fee</u>").  No bidder
or any other party other than a Stalking Horse Bidder shall be
entitled to any termination or "break-up" fee, expense
reimbursement or any other bidding protections in connection
with the submission of a bid for the Assets or for otherwise
participating in the Auction or the sale process, unless otherwise
granted by the Debtors and approved by an order of the Court.

14.     <u>Sale Objections</u>.   Any objections to the sale of the Assets, including (i) any

objection to a sale of the Assets free and clear of all liens, claims, interests and encumbrances

pursuant to Section 363(f) of the Bankruptcy Code, (ii) any objection to adequate assurance of

future performance with respect to the Successful Bidder, and (iii) entry of any Sale Order shall

be filed with the Court and served on the following parties (collectively, the "<u>Objection Notice</u>

Parties"), by no later than September 12, 2024, at 4:00 p.m. (prevailing Eastern Time) (the "Sale Objection Deadline"):  (i) counsel for the Debtors: (a) Shulman Bastian Friedman & Bui LLP, 100 Spectrum Center Drive, Suite 600, Irvine, CA 92618 (afriedman@shulmanbastian.com, mlowe@shulmanbastian.com, and mcasal@shulmanbastian.com; and (b) Raines Feldman Littrell LLP, tfrancella@raineslaw.com; (ii) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Jonathan Lipshie, jon.lipshie@usdoj.gov; (iii) counsel for the Committee; and (iv) counsel for the DIP Lender: (a)  Elkins Kalt Weintraub Reuben Gartside LLP, 10345 W Olympic Boulevard, Los Angeles, CA 90064, Attention: Michael I. Gottfried, Esq. mgottfried@elkinskalt.com, Lauren N Gans, lgans@elkinskalt.com; and (b) Richard Riley, RRiley@whitefordlaw.com, and David Gaffey, DGaffey@whitefordlaw.com.

15.   Assumption and Assignment Notice.  The Assumption and Assignment Notice is hereby approved in its entirety.  The Assumption and Assignment Notice shall: (i) identify the Debtors' Contracts; (ii) provide the amounts, costs, or expenses that the Debtors believe must be paid or actions or obligations that must be performed or satisfied pursuant to the Bankruptcy Code to effectuate the assumption and assignment of such Contract (each a "Cure Cost" and, collectively, the "Cure Costs"); (iii) inform Counterparties of the requirement to file a Contract Objection (defined below) by the Contract Objection Deadline (defined below); and (iv) advise Counterparties of the procedures related to Adequate Assurance Objections (defined below).

16.   Service of the Assumption and Assignment Notice.  No later than two business days after entry of this Bidding Procedures Order, the Debtors shall serve by first class mail or hand delivery or e-mail the Assumption and Assignment Notice on the Sale Notice Parties.

17.    <u>Contract Objections</u>.  Any objection to any Cure Cost set forth on the Assumption and Assignment Notice or to the assumption and assignment of a Contract to the Successful Bidder by any Counterparty (except with respect to adequate assurance of future performance) (collectively, a "<u>Contract Objection</u>"), must: (a) be in writing; (b) state the basis for such objection with specificity; (c) if it contests any Cure Cost set forth in the Cure Notice, state with specificity what amounts, costs, or expenses the Contract Counterparty believes must be paid or actions or obligations must be performed or satisfied pursuant to the Bankruptcy Code to effectuate the assumption by the Debtors and the assignment to the Successful Bidder (in all cases with appropriate documentation in support thereof); (d) comply with the Bankruptcy Rules and the Local Rules; (e) be filed with the Court on or before September 12, 2024 at 4:00 p.m. (prevailing Eastern time) (the "<u>Contract Objection Deadline</u>"), and (f) be served on or before the Contract Objection Deadline upon (collectively, the "<u>Objection Notice Parties</u>"): (1) Counsel for the Debtors: (a) Shulman Bastian Friedman & Bui LLP, 100 Spectrum Center Drive, Suite 600, Irvine, CA 92618 (afriedman@shulmanbastian.com, mlowe@shulmanbastian.com, and mcasal@shulmanbastian.com; and (b) Raines Feldman Littrell LLP, tfrancella@raineslaw.com; (2) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Jonathan Lipshie, jon.lipshie@usdoj.gov; (3) counsel for the Committee; and (4) counsel for the DIP Lender: (a)  Elkins Kalt Weintraub Reuben Gartside LLP, 10345 W Olympic Boulevard, Los Angeles, CA 90064, Attention: Michael I. Gottfried, Esq. mgottfried@elkinskalt.com, Lauren N. Gans, lgans@elkinskalt.com; and (b) Richard Riley, RRiley@whitefordlaw.com, and David Gaffey, DGaffey@whitefordlaw.com.

18.    <u>Adequate Assurance of Information</u>.  No later than September 20, 2024, the Debtors shall serve information regarding adequate assurance of future performance from all Qualified Bidders if such Qualified Bidder  proposes to be assigned certain Contracts (collectively, the "<u>Adequate Assurance Information</u>").  Any Counterparty that receives any Adequate Assurance Information with respect to any Qualified Bidder shall review such information on a confidential basis, shall not disclose such information to any party, and shall not use the Adequate Assurance Information for any purpose other than: (a) evaluating whether adequate assurance of future performance as required under the Bankruptcy Code has been provided; and (b) to support an objection to adequate assurance by such Counterparty.

19.    <u>Adequate Assurance Objection Deadline</u>. The deadline for a Counterparty to object to the assumption and assignment on the grounds of adequate assurance of future performance (each, an "<u>Adequate Assurance Objection</u>") shall be the Post-Auction Objection Deadline. An Adequate Assurance Objection must: (a) be in writing; (b) state the basis for such objection with specificity; (c) comply with the Bankruptcy Rules and the Local Rules; (d) be filed with the Court; and (e) be served on the Objection Notice Parties by no later than the Post-Auction Objection Deadline.

20.    <u>Hearing on Contract Objection or Adequate Assurance Objection</u>. If a Contract Objection or Adequate Assurance Objection is timely filed and received and the applicable parties are unable to consensually resolve the dispute or the amount to be paid under section 365 of the Bankruptcy Code, if any, such objection will be determined at a hearing to be requested by the Debtors or a Successful Bidder.  At a Successful Bidder's discretion, the hearing regarding the Contract Objection or Adequate Assurance Objection may be set after the Sale Hearing.

21.    <u>Effect of Failure to Object by Counterparty</u>. If a Counterparty fails to file a Contract Objection or Adequate Assurance Objection by the relevant deadlines: (a) the Counterparty will be deemed to have consented to the assumption and assignment of the Contract; (b) the Counterparty will be forever barred and estopped from asserting any objection to the propriety or effectiveness of the assumption and assignment of the Contract against the Debtors, a Successful Bidder, any assignee of the Contract, or the property of any of them; (c) the Cure Cost set forth on the Assumption and Assignment Notice for such Contract shall be controlling and the Counterparty will be deemed to have consented thereto, notwithstanding anything to the contrary in the Contract or otherwise; and (d) the Counterparty will be forever barred and estopped from objecting to the Cure Cost or asserting any claims against the Debtors, any Successful Bidder, any assignee of the Contract, or the property of any of them.

22.    <u>Notice of Assigned Contracts</u>. As soon as reasonably practicable after the Sale Hearing, the Debtors will file a notice containing the list of Assigned Contracts to be assumed and assigned to any Successful Bidder(s).

23.    <u>Participation in the Bidding Process</u>.  All entities that participate in the bidding process or the Auction shall be deemed to have knowingly and voluntarily submitted to the exclusive jurisdiction of the Court with respect to all matters related to the terms and conditions of the  transfer of Assets, the Auction, and any transaction contemplated herein.

24.    <u>Sale Hearing</u>.  The Sale Hearing shall be held before the Court on September 27, 2024 at _ _.m. (prevailing Eastern time).  The Sale Hearing may be continued, from time to time, without further notice to creditors or other parties in interest other than by filing a notice on the Court's docket.

25.    <u>Backup Bidder</u>.  Immediately prior to the conclusion of the Auction, the Debtors will, in consultation with the Consultation Parties, (a) determine, in a manner consistent with the Bidding Procedures, which Qualified Bid is the Backup Bid and (b) notify all Qualified Bidders at the Auction of the identity of the Backup Bidder and the amount of the purchase price and other material terms of the Backup Bid. Within two (2) business days after the Auction, the Backup Bidder shall submit to the Debtors execution versions of the documentation memorializing the terms of the Backup Bid(s). A Backup Bid will remain binding on the applicable Backup Bidder until twenty-eight (28) days after entry of the Sale Order (the "<u>Backup Bid Expiration Date</u>"). If the Sale Transaction with the applicable Successful Bidder is terminated prior to the Backup Bid Expiration Date, the Backup Bidder shall be deemed the new Successful Bidder and shall be obligated to consummate the Backup Bid as if it were the Successful Bid at the Auction; provided, that the Debtors may, in their business judgment and after providing notice to the Sale Notice Parties, elect not to pursue the Sale Transaction contemplated by the Backup Bid.

26.    <u>Bidding Procedures Order Controls</u>.  To the extent that any chapter 11 plan confirmed in the Cases or any order confirming any such plan or any other order in the Cases (including any order entered after any conversion of the Cases to cases under chapter 7 of the Bankruptcy Code) alters, conflicts with, or derogates from the provisions of this Bidding Procedures Order, the provisions of this Bidding Procedures Order shall control.  Notwithstanding the above, nothing in the Bidding Procedures Order or any sale order shall grant any tax exemption pursuant to Section 1146(a). The Debtors' obligations under this Bidding Procedures Order, the provisions of this Bidding Procedures Order shall survive conversion of any of the Cases to cases under chapter 7 of the Bankruptcy Code, confirmation of any chapter 11 plan in the Cases, or discharge of claims thereunder and shall be binding upon the Debtors, a chapter 7 trustee, and the

reorganized or reconstituted Debtors, as the case may, after the effective date of any confirmed chapter 11 plan in the Debtors' Cases (including any order entered after any conversion of the Cases to cases under chapter 7 of the Bankruptcy Code).

27.    <u>Immediate Effectiveness of the Bidding Procedures Order</u>.  Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 6006(d), 7062, or 9014, or any other provisions of the Bankruptcy Rules or the Local Rules stating the contrary, the terms and conditions of this Bidding Procedures Order shall be immediately effective and enforceable upon its entry, and no automatic stay shall apply to this Bidding Procedures Order.

28.    <u>Calculation of Time</u>.  All time periods set forth in this Bidding Procedures Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

29.    <u>Authorization of Debtors</u>.  The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Bidding Procedures Order in accordance with the Sale Pleadings.  No further or additional order from the Court shall be required to give effect to the provisions set forth in this Bidding Procedures Order. The Debtors are further authorized to make non-substantive changes to the Bidding Procedures, the Assumption and Assignment Procedures, and any related documents without further order of the Court, including, without limitation, changes to correct typographical and grammatical errors.

30.    <u>Inconsistencies</u>.  In the event there is any inconsistency between this Bidding Procedures Order, the Sale Pleadings, or the Bidding Procedures, this Bidding Procedures Order shall govern.

31.    <u>Jurisdiction</u>.  The Court shall retain jurisdiction over any matters related to or arising from the implementation of this Bidding Procedures Order.  All matters arising from or

related to the implementation of this Bidding Procedures Order may be brought before the Court

as a contested matter, without the necessity of commencing an adversary proceeding.