# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE:<br><br>ONE TABLE RESTAURANT BRANDS, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-11553 (KBO)<br><br>(Jointly Administered)<br><br>RE: Docket No. 96 |

**ORDER (A) APPROVING BIDDING PROCEDURES AND PROTECTIONS IN CONNECTION WITH A SALE OF SUBSTANTIALLY ALL OF DEBTORS' ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS; (B) AUTHORIZING THE DEBTORS TO DESIGNATE A STALKING HORSE BID; (C) SCHEDULING AN AUCTION AND SALE HEARING; (D) APPROVING THE FORM AND MANNER OF NOTICE THEREOF; (E) APPROVING PROCEDURES RELATED TO ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND LEASES; AND (F) GRANTING RELATED RELIEF**

Upon consideration of the *Debtors' Motion for Entry of Orders: (I) (A) Approving Bidding Procedures and Protections in Connection With a Sale of Substantially All of Debtors' Assets Free And Clear Of Liens, Claims, Encumbrances and Interests; (B) Authorizing the Debtors to Designate a Stalking Horse Bid; (C) Scheduling an Auction and Sale Hearing; (D) Approving the Form And Manner of Notice Thereof; and (E) Approving Procedures Related to Assumption and Assignment of Certain Executory Contracts and Leases; (II) (A) Authorizing Sale of Substantially All of Debtors' Assets Pursuant to Successful Bidder(s)' Asset Purchase Agreement(s), Free and*

---

[1] The Debtors in these Cases, along with the last four (4) digits of their federal tax identification numbers, are: (1) One Table Restaurant Brands, LLC, a Delaware limited liability company (9853); (2) One Table Restaurant Operations, LLC, a Delaware limited liability company (7280), (3) Tender Greens OpCo, LLC, a Delaware limited liability company (7827); (4) Tocaya Holdings LLC, a Nevada limited liability company (8815); (5) Tocaya Organica, LLC, a California limited liability company (6720); (6) Tocaya Management, LLC, a Nevada limited liability company (6789); (7) BLT Steak LA LLC, a California limited liability company (4688); (8) Tocaya Venice LLC, a California limited liability company (0159); (9) Tocaya South Bay LLC, a California limited liability company (0401); (10) Tocaya Toluca LLC, a California limited liability company; and (11) Tocaya Santa Monica LLC, a California limited liability company (8134). The Debtors' mailing address is: 1201 W. 5th Street, Suite T-400, Los Angeles, CA 90017.

*Clear of Liens, Claims, Encumbrances, and Other Interests; and (B) Approving Assumption and Assignment of Certain Executory Contracts and Leases; and (III) Granting Related Relief* [D.I. 124] (the "Motion")[2], the *Declaration of Harald Herrmann in Support of First Day Pleadings* [D.I. 9] (the "First Day Declaration"), the Declaration of Richard Klein in support of the Motion (collectively with the Motion and the First Day Declaration, the "Sale Pleadings") filed by the above-captioned debtors and debtors-in-possession (the "Debtors"); the Court having reviewed the Sale Pleadings and the record in the Debtors' chapter 11 cases (the "Cases"); the Court having considered the statements of counsel to the Debtors and other parties in interest; and after due deliberation, this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, and their creditors, and the Debtors having demonstrated good, sufficient and sound business justifications for the relief granted herein;

      **IT IS HEREBY FOUND AND DETERMINED THAT:**

      A.    <u>Findings of Fact and Conclusion of Law</u>.  The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), made applicable to this proceeding pursuant to Rule 9014 of the Bankruptcy Rules.  To the extent any findings of fact herein constitute conclusions of law, they are adopted as such.  To the extent any conclusions of law herein constitute findings of fact, they are adopted as such.

---

[2] Except where otherwise indicated, capitalized terms used but not defined herein shall have the meanings ascribed to them in the Sale Pleadings.

B. <u>Jurisdiction and Venue</u>. The Court has jurisdiction over the Motion and the transactions contemplated therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M), and (O). Venue in this district is proper under 28 U.S.C. §§ 1408 and 1409.

C. <u>Basis for Relief</u>. The statutory bases for the relief requested in the Motion are (i) sections 105, 363, 365, and 503 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") and (ii) Rules 2002(a)(2), 6004, 6006, and 9014 of the Bankruptcy Rules and Rules 2002-1 and 6004-1 of the Local Rules for the United States Bankruptcy Court District of Delaware (the "<u>Local Rules</u>").

D. <u>Approval of the Bidding Procedures</u>. The Debtors have articulated good and sufficient business reasons for the Court to approve the bidding procedures attached hereto as **Exhibit 1** (the "<u>Bidding Procedures</u>"). The Bidding Procedures are fair, reasonable, and appropriate and are designed to maximize the value of the proceeds of one or more sales (each, a "<u>Sale Transaction</u>") of all or substantially all of the assets of the Debtors (the "<u>Assets</u>"). The Bidding Procedures were negotiated in good faith and at arm's length and are reasonably designed to promote a competitive and robust bidding process to generate the greatest level of interest in the Debtors' Assets. The Bidding Procedures comply with the requirements of Local Rule 6004-1(c).

E. <u>Sale Notice</u>. The sale notice, the form of which is attached hereto as **Exhibit 2** (the "<u>Sale Notice</u>"), is appropriate and reasonably calculated to provide all interested parties with timely and proper notice of the Auction, the Sale Hearing (as defined in the Bidding Procedures), the Bidding Procedures, the Sale Transaction(s), and all relevant and important dates and objection

deadlines with respect to the foregoing, and no other or further notice of the Sale Hearing, the Sale Transaction(s), or the Auction shall be required.

F.     Assumption and Assignment Procedures. The Debtors have articulated good and sufficient business reasons for the Court to approve the assumption and assignment procedures set forth herein and in the Bidding Procedures (the "Assumption and Assignment Procedures"). The Assumption and Assignment Procedures are fair, reasonable, appropriate, and comply with the provisions of Section 365 of the Bankruptcy Code and Bankruptcy Rule 6006.

G.     Assumption and Assignment Notice. The assumption and assignment notice attached hereto as **Exhibit 3** (the "Assumption and Assignment Notice") is appropriate and reasonably calculated to provide all interested parties with timely and proper notice of the Assumption and Assignment Procedures, as well as any and all objection deadlines related thereto, and no other or further notice shall be required for the procedures described therein, except as expressly required herein

I.     Notice. Notice of the Motion, the Bidding Procedures, and the Bidding Procedures Hearing was (i) appropriate and reasonably calculated to provide all interested parties with timely and proper notice, (ii) in compliance with all applicable requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules and (iii) adequate and sufficient under the circumstances of the Cases, such that no other or further notice need be provided except as set forth in the Bidding Procedures and the Assumption and Assignment Procedures. A reasonable opportunity to object and be heard regarding the relief granted herein has been afforded to all parties in interest.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT:**

1.     The Motion is GRANTED as set forth herein.

2.  Except as provided to the contrary herein, all objections to the Motion or the relief provided by this order (the "Bidding Procedures Order") that have not been withdrawn, waived, or settled, and all reservations of rights included therein, are overruled and denied on the merits with prejudice.

3.  Approval of Bidding Procedures. The Bidding Procedures, attached hereto as **Exhibit 1**, are hereby approved in their entirety, are incorporated herein by reference, and shall govern the bids and proceedings related to the Sale Transactions and the Auction. The failure to specifically include or reference any particular provision of the Bidding Procedures in the Motion or this Bidding Procedures Order, including as to all rights of the Consultation Parties set forth therein, shall not diminish or otherwise impair the effectiveness of such procedures, it being the Court's intent that the Bidding Procedures are approved in their entirety, as is fully set forth in this Bidding Procedures Order.

4.  The Debtors are authorized to take any and all actions necessary or appropriate to implement the Bidding Procedures. The Debtors are further authorized, in the exercise of their reasonable business judgment, to modify the Bidding Procedures in accordance with the terms thereof, *provided, however*, that the rights of the Consultation Parties or other parties in interest to contest any such modifications in the form of a sale objection or other pleading are fully preserved.

5.  Sale Notice. The Sale Notice is hereby approved in its entirety. Within two (2) business days after entry of this Bidding Procedures Order, the Debtors will cause the Sale Notice and this Bidding Procedures Order to be published on the Claims Agent Website and served upon the following (collectively, the "Sale Notice Parties"): (a) counsel to the DIP Lender: (i) Elkins Kalt Weintraub Reuben Gartside LLP, 10345 W Olympic Boulevard, Los Angeles, CA 90064, Attention: Michael I. Gottfried, Esq. mgottfried@elkinskalt.com, Lauren N Gans,

lgans@elkinskalt.com; and (ii) Richard Riley, RRiley@whitefordlaw.com, and David Gaffey, DGaffey@whitefordlaw.com; (b) all persons and entities known by the Debtors to have asserted any lien, claim, interest or encumbrance in the Assets (for whom identifying information and addresses are available to the Debtors); (c) Counterparties to any Contract that may be assumed or rejected; (d) any governmental authority known to have a claim against the Debtors in these Cases; (e) the Office of the United States Trustee; (f) the Federal Trade Commission; (g) the Bureau of Consumer Protection; (h) all applicable federal, state and local taxing authorities, including the Internal Revenue Service; (i) the United States Attorney's Office for the District of Delaware; (j) United States Attorney General's Office for the District of Delaware; (k) the Office of the Attorney General and the Secretary of State in each state in which the Debtors operate; (l) the California Department of Alcoholic Beverage Control; (m) the Arizona Department of Liquor Licenses and Control; (n) counsel for the Committee: (i) Lowenstein Sandler LLP, 1251 Avenue of the Americas, Floor 17, New York, NY 10020, Attn: David Posner, dposner@lowenstein.com, and Gianfranco Finizio, gfinizio@lowenstein.com; and (ii) Morris James LLP, 500 Delaware Avenue, Suite 1500, Wilmington, DE 19801, Attn: Eric Monzo, emonzo@morrisjames.com, and Brya Keilson, bkeilson@morrisjames.com; (o) all of the parties entitled to notice pursuant to Bankruptcy Rule 2002; and (p) all other parties as directed by the Court.

6. <u>Assumption and Assignment Notice</u>.  The Assumption and Assignment Notice is hereby approved in its entirety.  The Assumption and Assignment Notice shall: (i) identify the Debtors' Contracts; (ii) provide the amounts, costs, or expenses that the Debtors believe must be paid or actions or obligations that must be performed or satisfied pursuant to the Bankruptcy Code to effectuate the assumption and assignment of such Contract (each a "<u>Cure Cost</u>" and, collectively, the "<u>Cure Costs</u>"); (iii) inform Counterparties of the requirement to file a Cure Cost

Objection (defined below) by the Cure Cost Objection Deadline (defined below); and (iv) advise Counterparties of the procedures related to Adequate Assurance Objections (defined below).

7. <u>Service of the Assumption and Assignment Notice</u>.  No later than two business days after entry of this Bidding Procedures Order, the Debtors shall serve by first class mail or hand delivery or e-mail the Assumption and Assignment Notice on the Sale Notice Parties. Counterparties to the real property leases and executory contracts shall also be served by overnight mail to the notice party or parties identified in the applicable lease or executory contract, as applicable, and their counsel of record (if known).

8. <u>Approval of Stalking Horse Procedures</u>. The following Stalking Horse Procedures are hereby approved:

(a) If the Debtors enter into a Stalking Horse Agreement, they must file a notice (the "<u>Stalking Horse Notice</u>") with the Court and serve the Stalking Horse Notice on: (i) counsel to the Committee; (ii) the Office of the United States Trustee; (iii) counsel to Breakwater; and (iv) any other party that has requested notice pursuant to Bankruptcy Rule 2002 by August 23, 2024.

(b) The Stalking Horse Notice must: (i) include a copy of the Stalking Horse Agreement; (ii) disclose whether the Stalking Horse Bidder is an "insider" or "affiliate" of any of the Debtors, as those terms are defined in section 101 of the Bankruptcy Code, as well as any common identity of incorporators, directors, officers, or controlling stockholders between the Stalking Horse Bidder and the Debtors; (iii) whether the Stalking Horse Bid includes a credit bid; and (iv) whether the Stalking Horse Bid contemplates bid protections, including, but not limited to, a "break-up" fee and expense reimbursement.

(c) The deadline to file any objections to a Stalking Horse Notice (the "<u>Stalking Horse Objection Deadline</u>") shall be September 12, 2024 at 4:00 p.m. (prevailing Eastern time). To the extent the Stalking Horse Bid requests bid protections, a declaration setting forth the reasons the Debtors believe that the bid protections satisfy the requirements of Section 503(b) of the Bankruptcy Code shall be filed seven (7) calendar days before the Stalking Horse Objection Deadline.  For the avoidance of doubt, the Office of the United States Trustee for the District of Delaware, and the

Committee expressly reserve the right to object to any proposed credit bid or bid protections.

9. <u>Bid Protections</u>. Bids submitted pursuant to the Bidding Procedures may contemplate certain bid protections, including a "break-up fee," but nothing in this Bidding Procedures Order shall be construed as approving bid protections for any potential Stalking Horse Bidder. To the extent that a Qualified Bid containing bid protections is selected as the Stalking Horse Bidder, all rights of the Office of the United States Trustee for the District of Delaware and the Committee are fully reserved as to the designation of the Stalking Horse Bidder and any such protections.

10. <u>Credit Bidding</u>. Nothing in this Bidding Procedures Order shall be construed as approval of the right of any party to credit bid for the Assets. The Debtors and the DIP Lender fully preserve their rights to request a subsequent order from the Court ordering that, for the purpose of any bid by the DIP Lender, including any overbid, the DIP Lender shall be entitled to credit bid up to the full amount of the obligations owed by the Debtors under the Prepetition Loans and DIP Credit Facility pursuant to Bankruptcy Code section 363(k). For the avoidance of doubt and subject to the terms of any interim and final orders on the *Motion of Debtors Pursuant to Sections 105, 362, 363, 364, 503 and 507 of the Bankruptcy Code, Bankruptcy Rule 4001, and Local Rule 4001-2, for Interim and Final Orders (I) Authorizing Debtors to Obtain Postpetition Financing and Use of Cash Collateral; (II) Granting Priming and Other Liens and Super-Priority Claims and Adequate Protection; (III) Modifying the Automatic Stay; and (IV) Granting Related Relief* [D.I. 14], nothing in this Bidding Procedures Order shall limit or otherwise prejudice the rights of the Committee or any other creditor to object to or challenge any credit bid, pursuant to section 363(k) or otherwise.

11. <u>Stalking Horse Adequate Assurance of Information</u>. No later than September 6, 2024, the Debtors shall serve information regarding adequate assurance of future performance by the Stalking Horse Bidder ("<u>Stalking Horse Adequate Assurance Information</u>") on the Counterparties and their counsel (if known) and the Bid Notice Parties. Any Counterparty of Bid Notice Party that receives information regarding adequate assurance of future performance ("<u>Adequate Assurance Information</u>") of any Qualified Bidder, including without limitation, the Stalking Horse Adequate Assurance Information, shall review such information on a confidential basis, shall not disclose such information to any party, and shall not use the Adequate Assurance Information for any purpose other than: (a) evaluating whether adequate assurance of future performance as required under the Bankruptcy Code has been provided; and (b) to support an objection to adequate assurance by such Counterparty.

12. <u>Publication Notice</u>. No later than five (5) business days after entry of the Bidding Procedures Order, the Debtors will cause substantially all of the information contained in the Sale Notice to be published once in *The Wall Street Journal* (national edition), *Los Angeles Times*, or a similar regional or national publication.

13. <u>Notice</u>. Compliance with the all the foregoing provisions for the Sale Notice shall constitute sufficient notice of the Debtors' proposed sale of the Assets free and clear of liens, claims, interests, and encumbrances, pursuant to section 363(f) of the Bankruptcy Code and otherwise, and, except as set forth in this Bidding Procedures Order, no other or further notice of the sale shall be required to be provided by the Debtors.

14. <u>Stalking Horse Objection</u>. Any objections related to the sale of the Assets to the Stalking Horse Bidder (each, a "<u>Stalking Horse Objection</u>") (i) including the particular terms of any proposed Sale Transaction (including any bid protections), the sale of Assets free and clear

of all liens, claims, interests and encumbrances pursuant to Section 363(f) of the Bankruptcy Code, the entry of any Sale Order, the Stalking Horse Bid, and Stalking Horse Bidder, but (ii) *not including* objections with respect to the Adequate Assurance Information, including without limitation, the Stalking Horse Adequate Assurance Information, other objections related to the assumption and assignment of executory contracts or unexpired leases to the Stalking Horse Bidder, or the conduct of the Auction, shall be filed with the Court and served on the following parties (collectively, the "Objection Notice Parties"), by no later than September 12, 2024, at 4:00 p.m. (prevailing Eastern Time) (the "Stalking Horse Objection Deadline"): (i) counsel for the Debtors: (a) Shulman Bastian Friedman & Bui LLP, 100 Spectrum Center Drive, Suite 600, Irvine, CA 92618 (afriedman@shulmanbastian.com, mlowe@shulmanbastian.com, and mcasal@shulmanbastian.com; and (b) Raines Feldman Littrell LLP, tfrancella@raineslaw.com; (ii) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Jonathan Lipshie, jon.lipshie@usdoj.gov; (iii) counsel for the Committee: (a) Lowenstein Sandler LLP, 1251 Avenue of the Americas, Floor 17, New York, NY 10020, Attn: David Posner, dposner@lowenstein.com, and Gianfranco Finizio, gfinizio@lowenstein.com; and (b) Morris James LLP, 500 Delaware Avenue, Suite 1500, Wilmington, DE 19801, Attn: Eric Monzo, emonzo@morrisjames.com, and Brya Keilson, bkeilson@morrisjames.com; and (iv) counsel for the DIP Lender: (a) Elkins Kalt Weintraub Reuben Gartside LLP, 10345 W Olympic Boulevard, Los Angeles, CA 90064, Attention: Michael I. Gottfried, Esq. mgottfried@elkinskalt.com, Lauren N Gans, lgans@elkinskalt.com; and (b) Richard Riley, RRiley@whitefordlaw.com, and David Gaffey, DGaffey@whitefordlaw.com.

15. <u>Cure Cost Objections</u>. Any objection to any Cure Cost set forth on the Assumption and Assignment Notice (a "<u>Cure Cost Objection</u>") must: (a) be in writing; (b) state with specificity what amounts, costs, or expenses the Contract Counterparty believes must be paid or actions or obligations must be performed or satisfied pursuant to the Bankruptcy Code to effectuate the assumption by the Debtors and the assignment to the Successful Bidder (in all cases with appropriate documentation in support thereof); (c) comply with the Bankruptcy Rules and the Local Rules; (d) be filed with the Court on or before September 12, 2024 at 4:00 p.m. (prevailing Eastern time) (the "<u>Cure Cost Objection Deadline</u>"), and (e) be served on the Objection Notice Parties."

16. <u>Hearing on Stalking Horse Objection</u>. If a Stalking Horse Objection is timely filed and received and the applicable parties are unable to consensually resolve the dispute or the amount to be paid under section 365 of the Bankruptcy Code, if any, such Stalking Horse Objection will be determined at a hearing to be held on September 19, 2024 at 9:30 a.m. (prevailing Eastern time).

17. <u>Stalking Horse Adequate Assurance Objection.</u> Any objections related to the Stalking Horse Adequate Assurance Information ("<u>Stalking Horse Adequate Assurance Objection</u>") shall be filed with the Court and served on the Objection Notice Parties, by no later than September 20, 2024, at 4:00 p.m. (prevailing Eastern Time) .

18. <u>Effect of Failure to Object by Counterparty</u>. If a Counterparty fails to file a Stalking Horse Adequate Assurance Objection or Cure Cost Objection or by the relevant deadlines: (a) the Counterparty will be deemed to have consented to the assumption and assignment of the Contract; (b) the Counterparty will be forever barred and estopped from asserting any objection to the propriety or effectiveness of the assumption and assignment of the Contract against the Debtors, a Successful Bidder, any assignee of the Contract, or the property of any of them; (c) the Cure Cost

set forth on the Assumption and Assignment Notice for such Contract shall be controlling and the Counterparty will be deemed to have consented thereto, notwithstanding anything to the contrary in the Contract or otherwise; and (d) the Counterparty will be forever barred and estopped from objecting to the Cure Cost or asserting any claims against the Debtors, the Stalking Horse Bidder, any assignee of the Contract, or the property of any of them. *However*, notwithstanding the foregoing, in the event of defaults from service of the Assumption and Assignment Notice as to a Counterparty, such Counterparty's deadline to file a Contract Objection or Adequate Assurance Objection shall be ten (10) days from the date the Counterparty is served the Assumption and Assignment Notice.

19. <u>Bid Deadline</u>. September 25, 2024 at 4:00 p.m. (prevailing Eastern time) is hereby set as the Bid Deadline, as further detailed in the Bidding Procedures.

20. <u>Auction</u>. If the Debtors receive one or more Qualified Bids (as defined in the Bidding Procedures) by the Bid Deadline, the Auction shall take place on September 27, 2024 at 10:00 a.m. (prevailing Pacific time) / 1:00 p.m. (prevailing Eastern time), at the offices of Shulman Bastian Friedman & Bui LLP, 100 Spectrum Center Drive, Suite 600, Irvine, CA 92618, or such other place (including by videoconference) as the Debtors shall notify all proposed attendees at least seventy-two (72) hours before the commencement of the Auction. The Auction shall be conducted in accordance with the Bidding Procedures. In the event the Debtors determine not to hold an Auction for some or all of the Assets, the Debtors will file with the Court, serve on the Sale Notice Parties (defined below) and cause to be published on https://cases.stretto.com/onetable (the "<u>Claims Agent Website</u>"), a notice containing the following information, as applicable: (i) a statement that the Auction for the relevant Assets has been canceled; (ii) the identity of the Successful Bidder; (iii) a copy of the Successful Bid or a summary of the material terms of such

Successful Bid, including any assumption and assignment of Contracts contemplated thereby; and (iv) the date, time and location of the applicable Sale Hearing.

21.     Backup Bidder.  Immediately prior to the conclusion of the Auction, the Debtors will, in consultation with the Consultation Parties, (a) determine, in a manner consistent with the Bidding Procedures, which Qualified Bid is the Backup Bid and (b) notify all Qualified Bidders at the Auction of the identity of the Backup Bidder and the amount of the purchase price and other material terms of the Backup Bid. Within two (2) business days after the Auction, the Backup Bidder shall submit to the Debtors execution versions of the documentation memorializing the terms of the Backup Bid(s). A Backup Bid will remain binding on the applicable Backup Bidder until twenty-eight (28) days after entry of the Sale Order (the "Backup Bid Expiration Date"). If the Sale Transaction with the applicable Successful Bidder is terminated prior to the Backup Bid Expiration Date, the Backup Bidder shall be deemed the new Successful Bidder and shall be obligated to consummate the Backup Bid as if it were the Successful Bid at the Auction; provided, that the Debtors (i) may, in their business judgment and after providing notice to the Sale Notice Parties, elect not to pursue the Sale Transaction contemplated by the Backup Bid, or (ii) will file with the Court a notice of election to proceed to close a Sale Transaction with the Back-Up Bidder, and requesting a virtual status conference within three (3) business days.  At such status conference, an expedited briefing and hearing schedule will be set.

22.     Notice of Auction Results. No later than September 28, 2024 at 12:00 p.m. (prevailing Eastern Time), the Debtors will file with the Court and cause to be published on the Claims Agent Website, a notice setting forth the results of the Auction or any Sub-Auction (the "Notice of Auction Results"), which will (a) identify each Successful Bidder and each Backup Bidder, (b) include a copy of each Successful Bid and each Backup Bid or a summary of the

material terms of such bids, including any proposed assumption and assignment of Contracts contemplated thereby, and (c) set forth the Post-Auction Objection Deadline (as defined herein), the date, time and location of the Sale Hearing and any other relevant dates or other information necessary to reasonably apprise the Sale Notice Parties of the outcome of the Auction or any Sub-Auction. The Debtors shall also cause the Notice of Auction Results to be served on the Sale Notice Parties on September 28, 2024 or as soon as reasonably practicable thereafter.

23. <u>Post-Auction Objection Deadline</u>. Following service of the Notice of Auction Results, parties may object to the conduct of the Auction and file any supplemental objections that could not have been raised at the time of the deadline to file Stalking Horse Objections (each such objection, a "<u>Post-Auction Objection</u>"). Any Post-Auction Objection shall be (x) in writing and state, with specificity, the legal and factual bases thereof, (y) be filed with the Court, and (z) served on the Objection Notice Parties by no later than the September 30, 2024 at 4:00 p.m. (prevailing Eastern time).

24. <u>Notice of Assigned Contracts</u>. If the Stalking Horse Bid is the Successful Bid, the Debtors shall file a notice at least two (2) business days before the Sale Hearing containing the list of Assigned Contracts to be assumed and assigned to the Stalking Horse Bidder. If a Successful Bid is not the Stalking Horse Bid, the deadline to file a notice containing the list of Assigned Contracts to be assumed and assigned to any such Successful Bidder(s) shall be set at the Sale Status Conference.

25. <u>Sale Hearing</u>. If the Stalking Horse Bid is the Successful Bid, the Sale Hearing shall be held before the Court on October 1, 2024 at 9:30 a.m. (prevailing Eastern time). The Sale Hearing may be continued, from time to time, without further notice to creditors or other parties in interest other than by filing a notice on the Court's docket. At the Sale Hearing the Court will

adjudicate Post-Auction Objections, Cure Cost Objections, Stalking Horse Adequate Assurance Information Objections and any unresolved Stalking Horse Objections.

26. <u>Continued Sale Hearing</u>. If the Stalking Horse Bid is the Successful Bid, to the extent that any timely filed Stalking Horse Objections, Post-Auction Objections or Adequate Assurance Information Objections are not resolved at the hearings to be held on September 19, 2024 or October 1, 2024, such objections shall be heard on October 7, 2024 or as soon thereafter as the Court's calendar permits.

27. <u>Sale Status Conference.</u> If a Successful Bid is not the Stalking Horse Bid, the Sale Hearing will be adjourned to a later date, and a status conference (the "<u>Sale Status Conference</u>") will be held on October 1, 2024 at 9:30 a.m. (prevailing Eastern time) and new deadlines set for any objections related to the Successful Bid including with respect to adequate assurance of performance by such Successful Bidder.

28. <u>Participation in the Bidding Process</u>. All entities that participate in the bidding process or the Auction shall be deemed to have knowingly and voluntarily submitted to the exclusive jurisdiction of the Court with respect to all matters related to the terms and conditions of the transfer of Assets, the Auction, and any transaction contemplated herein.

29. <u>Bidding Procedures Order Controls</u>. To the extent that any chapter 11 plan confirmed in the Cases or any order confirming any such plan or any other order in the Cases (including any order entered after any conversion of the Cases to cases under chapter 7 of the Bankruptcy Code) alters, conflicts with, or derogates from the provisions of this Bidding Procedures Order, the provisions of this Bidding Procedures Order shall control. Notwithstanding the above, nothing in the Bidding Procedures Order or any sale order shall grant any tax exemption pursuant to Section 1146(a). The Debtors' obligations under this Bidding Procedures Order, the

provisions of this Bidding Procedures Order shall survive conversion of any of the Cases to cases under chapter 7 of the Bankruptcy Code, confirmation of any chapter 11 plan in the Cases, or discharge of claims thereunder and shall be binding upon the Debtors, a chapter 7 trustee, and the reorganized or reconstituted Debtors, as the case may, after the effective date of any confirmed chapter 11 plan in the Debtors' Cases (including any order entered after any conversion of the Cases to cases under chapter 7 of the Bankruptcy Code).

30.  **Immediate Effectiveness of the Bidding Procedures Order**.  Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 6006(d), 7062, or 9014, or any other provisions of the Bankruptcy Rules or the Local Rules stating the contrary, the terms and conditions of this Bidding Procedures Order shall be immediately effective and enforceable upon its entry, and no automatic stay shall apply to this Bidding Procedures Order.

31.  **Calculation of Time**.  All time periods set forth in this Bidding Procedures Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

32.  **Authorization of Debtors**.  The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Bidding Procedures Order in accordance with the Sale Pleadings.  No further or additional order from the Court shall be required to give effect to the provisions set forth in this Bidding Procedures Order. The Debtors are further authorized to make non-substantive changes, in consultation with the Consultation Parties, to the Bidding Procedures, the Assumption and Assignment Procedures, and any related documents without further order of the Court, including, without limitation, changes to correct typographical and grammatical errors.

33. <u>Inconsistencies</u>.  In the event there is any inconsistency between this Bidding Procedures Order, the Sale Pleadings, or the Bidding Procedures, this Bidding Procedures Order shall govern.

34. <u>Jurisdiction</u>.  The Court shall retain jurisdiction over any matters related to or arising from the implementation of this Bidding Procedures Order.  All matters arising from or related to the implementation of this Bidding Procedures Order may be brought before the Court as a contested matter, without the necessity of commencing an adversary proceeding.