IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE:<br><br>ONE TABLE RESTAURANT BRANDS, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-11553 (KBO)<br><br>(Jointly Administered) |

## NOTICE TO CONTRACT PARTIES TO POTENTIALLY ASSUMED EXECUTORY CONTRACTS AND UNEXPIRED LEASES

**PLEASE TAKE NOTICE** that on [], 2024, the United States Bankruptcy Court for the District of Delaware (the "Court") entered the *Order: (I) (A) Approving Bidding Procedures and Protections in Connection With a Sale of Substantially All of Debtors' Assets Free And Clear Of Liens, Claims, Encumbrances and Interests; (B) Authorizing the Debtors to Designate a Stalking Horse Bid; (C) Scheduling an Auction and Sale Hearing; (D) Approving the Form And Manner of Notice Thereof; and (E) Approving Procedures Related to Assumption and Assignment of Certain Executory Contracts and Leases* (the "Bidding Procedures Order")[2] authorizing, among other things, the Debtors to conduct an auction (the "Auction") to select the party to purchase the Debtors' assets (the "Assets"). The Auction will be governed by the bidding procedures approved pursuant to the Bidding Procedures Order and attached thereto as **Exhibit 1** (the "Bidding Procedures").

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Bidding Procedures and the terms of any Successful Bid, the Debtors may assume and assign to the Successful Bidder the contract or agreement listed on **Exhibit A** hereto to which you are a counterparty, upon approval of a sale of the Assets. The Debtors have conducted a review of their books and records and have determined that the cure amount for unpaid monetary obligations under such Assigned Contracts is as set forth on **Exhibit A** attached hereto (the "Cure Costs").

---

[1] The Debtors in these Cases, along with the last four (4) digits of their federal tax identification numbers, are: (1) One Table Restaurant Brands, LLC, a Delaware limited liability company (9853); (2) One Table Restaurant Operations, LLC, a Delaware limited liability company (7280), (3) Tender Greens OpCo, LLC, a Delaware limited liability company (7827); (4) Tocaya Holdings LLC, a Nevada limited liability company (8815); (5) Tocaya Organica, LLC, a California limited liability company (6720); (6) Tocaya Management, LLC, a Nevada limited liability company (6789); (7) BLT Steak LA LLC, a California limited liability company (4688); (8) Tocaya Venice LLC, a California limited liability company (0159); (9) Tocaya South Bay LLC, a California limited liability company (0401); (10) Tocaya Toluca LLC, a California limited liability company; and (11) Tocaya Santa Monica LLC, a California limited liability company (8134). The Debtors' mailing address is: 1201 W. 5th Street, Suite T-400, Los Angeles, CA 90017.

[2] Except where otherwise indicated, capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion or the Bidding Procedures (as defined herein), as applicable.

**PLEASE TAKE FURTHER NOTICE** that if you disagree with the proposed Cure Costs, your objection must: (i) be in writing; (ii) comply with the applicable provisions of the Bankruptcy Rules, Local Bankruptcy Rules, and any order governing the administration of these Cases; (iii) state with specificity the nature of the objection and the correct cure amount alleged to be owed to the objecting Contract Counterparty, together with any applicable and appropriate documentation in support thereof; and (iv) be filed with the Court and served and actually received no later than September 12, 2024 at 4:00 p.m. (the "Cure Cost Objection Deadline") by the following parties (collectively, the "Objection Notice Parties"): (1) Counsel for the Debtors: (a) Shulman Bastian Friedman & Bui LLP, 100 Spectrum Center Drive, Suite 600, Irvine, CA 92618 (afriedman@shulmanbastian.com, mlowe@shulmanbastian.com, and mcasal@shulmanbastian.com; and (b) Raines Feldman Littrell LLP, tfrancella@raineslaw.com; (2) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Jonathan Lipshie, jon.lipshie@usdoj.gov; (3) counsel for the Committee: (a) Lowenstein Sandler LLP, by email to dposner@lowenstein.com and gfinizio@lowenstein.com; and (b) Morris James LLP, by email to bkeilson@morrisjames.com and emonzo@morrisjames.com; and (4) counsel for Breakwater: (a) Elkins Kalt Weintraub Reuben Gartside LLP, 10345 W Olympic Boulevard, Los Angeles, CA 90064, Attention: Michael I. Gottfried, Esq. mgottfried@elkinskalt.com, Lauren N. Gans, lgans@elkinskalt.com; and (b) Richard Riley, RRiley@whitefordlaw.com, and David Gaffey, DGaffey@whitefordlaw.com.

**PLEASE TAKE FURTHER NOTICE** that the Debtors shall serve information regarding adequate assurance of future performance of the Stalking Horse Bidder (the "Stalking Horse Adequate Assurance Information") to applicable Counterparties by no later than September 6, 2024. Any Counterparty that receives any Stalking Horse Adequate Assurance Information shall review such information on a confidential basis, shall not disclose such information to any party, and shall not use the Stalking Horse Adequate Assurance Information for any purpose other than: (a) evaluating whether adequate assurance of future performance as required under the Bankruptcy Code has been provided; and (b) to support an objection to adequate assurance by such Counterparty. The deadline for a Counterparty to object to the assumption and assignment of their Contract to the Stalking Horse Bidder on the grounds of adequate assurance of future performance (each, a "Stalking Horse Adequate Assurance Objection") shall be September 20, 2024, at 4:00 p.m. (the "Stalking Horse Adequate Assurance Objection Deadline"). A Stalking Horse Adequate Assurance Objection must: (a) be in writing; (b) state the basis for such objection with specificity; (c) comply with the Bankruptcy Rules and the Local Rules; (d) be filed with the Court; and (e) be served on the Objection Notice Parties by the Stalking Horse Adequate Assurance Objection Deadline.

**PLEASE TAKE FURTHER NOTICE** that, in the event that the Stalking Horse Bidder is the Successful Bidder, then the Sale Hearing (as defined in the Bidding Procedures) will be held on October 1, 2024 at 9:30 a.m. (prevailing Eastern time).

**PLEASE TAKE FURTHER NOTICE** that, in the event that a Successful Bid is not the Stalking Horse Bid, a status conference (the "Sale Status Conference") will be held on October 1, 2024 at 9:30 a.m. (prevailing Eastern time) at which time new deadlines will be set for objections

related to such Successful Bid(s) including with respect to adequate assurance of performance by such Successful Bidder(s).

**PLEASE TAKE FURTHER NOTICE** that if a Sale Transaction with a Successful Bidder is terminated prior to the Backup Bid Expiration Date, and the Debtors elect to proceed to close a Sale Transaction with a Backup Bidder, the Debtors shall file a notice which request a virtual status conference within three (3) business days of the filing of a notice where an expedited objection, briefing, and hearing schedule will be set.

**<u>CONSEQUENCES OF FAILING TO TIMELY MAKE AN OBJECTION</u>. IF NO OBJECTION TO (A) THE CURE COST(S), (B) THE PROPOSED ASSIGNMENT AND ASSUMPTION OF ANY ASSIGNED CONTRACT, OR (C) ADEQUATE ASSURANCE OF THE SUCCESSFUL BIDDER'S ABILITY TO PERFORM IS FILED BY THE RELEVANT OBJECTION DEADLINE, THEN (I) YOU WILL BE DEEMED TO HAVE STIPULATED THAT THE CURE AMOUNTS AS DETERMINED BY THE DEBTORS ARE CORRECT, (II) YOU WILL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING ANY ADDITIONAL CURE AMOUNT UNDER THE PROPOSED ASSIGNED CONTRACT, AND (III) YOU WILL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM OBJECTING TO SUCH PROPOSED ASSIGNMENT TO THE SUCCESSFUL BIDDER ON THE GROUNDS THAT THE SUCCESSFUL BIDDER HAS NOT PROVIDED ADEQUATE ASSURANCE OF FUTURE PERFORMANCE AS OF THE CLOSING DATE OF THE SALE.**

**PLEASE TAKE FURTHER NOTICE** that, notwithstanding anything herein, the mere listing of any Assigned Contract on this Assumption and Assignment Notice and the exhibits attached hereto does not require or guarantee that such Assigned Contract will be assumed by the Debtors at any time or assumed and assigned, and all rights of the Debtors and the Successful Bidder with respect to such Contracts are reserved.

**PLEASE TAKE FURTHER NOTICE** that, nothing herein (i) alters in any way the prepetition nature of the Assigned Contracts or the validity, priority, or amount of any claims of a counterparty to any Assigned Contract against the Debtors that may arise under such Assigned Contract, (ii) creates a postpetition contract or agreement, or (iii) elevates to administrative expense priority any claims of a counterparty to any Assigned Contract against the Debtors that may arise under such Assigned Contract.

**PLEASE TAKE FURTHER NOTICE** that you may obtain additional information concerning the above-captioned Cases at the website maintained in these Cases at https://cases.stretto.com/onetable.

Date: August , 2024  
Wilmington, Delaware

**RAINES FELDMAN LITTRELL LLP**

*/s/*_____  
Thomas J. Francella Jr. (DE Bar No. 3855)  
1200 North Broom Street  
Wilmington, DE 19806-4204  
Telephone: (302) 772-5805  
Email: tfrancella@raineslaw.com

and

**SHULMAN BASTIAN FRIEDMAN & BUI LLP**  
Alan J. Friedman (admitted *pro hac vice*)  
Melissa Davis Lowe (admitted *pro hac vice*)  
Max Casal (admitted *pro hac vice*)  
100 Spectrum Center Drive; Suite 600  
Irvine, CA 92618  
Telephone:  (949) 340-3400  
Facsimile:  (949) 340-3000  
E-mail:  
afriedman@shulmanbastian.com  
mlowe@shulmanbastian.com  
mcasal@shulmanbastian.com

*Proposed Counsel to the Debtors and Debtors in Possession*