Case 24-11553-KBO    Doc 703    Filed 07/14/25    Page 1 of 4

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ONE TABLE RESTAURANT BRANDS, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-11553 (KBO)<br><br>(Jointly Administered)<br><br>**Hearing Date: July 17, 2024 at 10:30 a.m. (ET)**<br>**Reply Deadline: July 14, 2025 at 4:00 p.m. (ET)**<br><br>**Re: D.I. 669, 699** |

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' REPLY TO THE UNITED STATES TRUSTEE'S OBJECTION TO MOTION OF THE DEBTORS AND DEBTORS-IN-POSSESSION FOR ORDERS (I) ESTABLISHING DISMISSAL PROCEDURES, (II) AUTHORIZING DISMISSAL OF THE DEBTORS' CHAPTER 11 CASES, (III) APPROVING FINAL FEES AND EXPENSES OF PROFESSIONALS, AND (IV) GRANTING RELATED RELIEF**

The Official Committee of Unsecured Creditors (the "Committee") in the chapter 11 proceedings (the "Chapter 11 Cases") of the above-captioned debtors (the "Debtors"), by and through its undersigned counsel, submits this reply (the "Reply") to the *United States Trustee's Objection to Motion of the Debtors and Debtors-In-Possession for Orders (I) Establishing Dismissal Procedures, (II) Authorizing Dismissal of the Debtors' Chapter 11 Cases, (III) Approving Final Fees and Expenses of Professionals, and (IV) Granting Related Relief* [D.I. 699] (the "UST Objection"), and in support of the *Motion of the Debtors and Debtors-In-Possession for Orders (I) Establishing Dismissal Procedures, (II) Authorizing Dismissal of the*

---

[1] The Debtors in these Cases, along with the last four (4) digits of their federal tax identification numbers, are: (1) One Table Restaurant Brands, LLC, a Delaware limited liability company (9853); (2) One Table Restaurant Operations, LLC, a Delaware limited liability company (7280), (3) Tender Greens OpCo, LLC, a Delaware limited liability company (7827); (4) Tocaya Holdings LLC, a Nevada limited liability company (8815); (5) Tocaya Organica, LLC, a California limited liability company (6720); (6) Tocaya Management, LLC, a Nevada limited liability company (6789); (7) BLT Steak LA LLC, a California limited liability company (4688); (8) Tocaya Venice LLC, a California limited liability company (0159); (9) Tocaya South Bay LLC, a California limited liability company (0401); (10) Tocaya Toluca LLC, a California limited liability company; and (11) Tocaya Santa Monica LLC, a California limited liability company (8134). The Debtors' mailing address is: 1201 W. 5th Street, Suite T-400, Los Angeles, CA 90017.

*Debtors' Chapter 11 Cases, (III) Approving Final Fees and Expenses of Professionals, and (IV) Granting Related Relief* [D.I. 669] (the "Motion").[2] In support of this Reply, the Committee states as follows:

## REPLY

1.      At this stage of the Debtors' Chapter 11 Cases, and given the lack of any material assets other than the remaining cash that comprises the Committee Fund (approximately $140,000 after payment of the Committee's final fees), the Committee supports the structured dismissal proposed in the Motion (the "Structured Dismissal") because it will produce the best possible result for unsecured creditors, the only remaining class of creditors after adjudication of final fee applications. If, as proposed by the United States Trustee, the Debtors were instead forced to prosecute a chapter 11 plan (which they do not have sufficient funds or financing to prosecute in any event) or the Chapter 11 Cases were converted to chapter 7, the Debtors' estates would incur additional administrative costs that will likely preclude *any* distribution to unsecured creditors. The Committee does not support such a result.

2.      The United States Trustee incorrectly contends that the Structured Dismissal would violate the Bankruptcy Code's priority distribution rules. As set forth in the Motion, the Structured Dismissal would require the satisfaction of all allowed administrative expenses, all Undisputed Priority Claims, and any Disputed Priority Claims resulting in an allowed priority or administrative claim. *See* Motion ¶ 38. This is the exact result that the UST Objection seeks. *See* UST Objection ¶ 15 ("All administrative and priority creditors must be paid in full."). There is no "priority skipping" in the Structured Dismissal, which already provides that "all administrative and priority claims [will] be paid prior to the payment of lower-priority claims." *Id.*

---

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

3. The United States Trustee further asserts that, even if the Structured Dismissal is fully compliant with the Bankruptcy Code's priority scheme (and it is), the Motion should be denied because it seeks "Plan Relief." *See* UST Objection ¶¶ 16–29. This is a mischaracterization of the straightforward Structured Dismissal proposed in the Motion. The Structured Dismissal would provide for no releases or exculpations, but rather creates a cost-effective system through which the estates' unsecured creditors can receive *pro rata* distributions in accordance with the Bankruptcy Code's priority scheme.[3]

4. Put simply, the Structured Dismissal is in the best interests of the Debtors' estates and its remaining creditors. There are no remaining assets to liquidate[4], the Debtors lack sufficient liquidity to fund a plan, and a chapter 7 conversion would only further dwindle the remaining global settlement proceeds (likely to zero). Prompt distribution of the Committee Fund pursuant to a dismissal—rather than after a plan or conversion process that results in additional professional fees and administrative costs for the sake of liquidating *de minimis* remaining cash—is not only practical, but the best possible conclusion for the Chapter 11 Cases.

[*Remainder of Page Intentionally Left Blank*]

---

[3] The United States Trustee also argues that the identity of the Administrator has not been disclosed. The United States Trustee's counsel was advised who the proposed Administrator would be during a conference call regarding the Motion. The identity of the Administrator will also be set forth in a revised proposed order approving the Motion.

[4] Substantially all of the Debtors' assets including avoidance actions and other estate claims were sold to an affiliate of DIP Lender Breakwater Management LP, pursuant to the Sale Orders. The Committee is not aware of any other significant remaining assets other than the cash comprising the Committee Fund.

**WHEREFORE**, the Committee respectfully requests that the Court overrule the UST Objection and grant the relief requested in the Motion.

| | |
|---|---|
| Dated: July 14, 2025<br>Wilmington, DE | **MORRIS JAMES LLP**<br><br>/s/ *Eric J. Monzo*<br>Eric J. Monzo (DE Bar No. 5214)<br>Brya M. Keilson (DE Bar No. 4643)<br>Siena B. Cerra (DE Bar No. 7290)<br>500 Delaware Avenue, Suite 1500<br>Wilmington, DE 19801<br>Telephone: (302) 888-6800<br>Facsimile: (302) 571-1750<br>Email: emonzo@morrisjames.com<br>        bkeilson@morrisjames.com<br>        scerra@morrisjames.com<br><br>        -and-<br><br>**LOWENSTEIN SANDLER LLP**<br>David M. Posner (admitted *pro hac vice*)<br>Gianfranco Finizio (admitted *pro hac vice*)<br>Chelsea R. Frankel (admitted *pro hac vice*)<br>1251 Avenue of the Americas<br>New York, New York<br>Telephone: (212) 262-6700<br>Email: dposner@lowenstein.com<br>        gfinizio@lowenstein.com<br>        cfrankel@lowenstein.com<br><br>*Counsel for the Official Committee*<br>*of Unsecured Creditors* |