**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re | ) | Chapter 11 |
|  | ) |  |
|  | ) | Case No. Case No. 24-11553 (KBO) |
|  | ) | (Jointly Administered) |
| ONE TABLE RESTAURANT BRANDS, LLC, *et al.*,[1] | ) | |
|  | ) | **RE:  D. I. 763** |
| Debtors. | ) | |
|  | ) | |

**ORDER APPROVING DISCLOSURE STATEMENT ON A FINAL BASIS AND CONFIRMING AMENDED COMBINED CHAPTER 11 PLAN OF LIQUIDATION PROPOSED BY THE JOINTLY ADMINISTERED DEBTORS**

The Amended Combined Disclosure Statement ("Disclosure Statement") and Chapter 11 Plan of Liquidation Proposed by the Jointly Administered Debtors, dated September 10, 2025 [Docket No. 763] (as amended, modified or supplemented, the "Plan")[2] having been filed with this Court (the "Court") by the above-captioned debtors and debtors in possession (collectively, the "Debtors"); and the Court having entered, after due notice and a hearing, an order dated September 11, 2025 (the "Solicitation Procedures Order") [Docket No. 771]: (i) approving the Disclosure Statement on an interim basis as containing adequate information pursuant to section 1125 of title 11 of the United States Code (the "Bankruptcy Code") for solicitation purposes, (ii) approving solicitation packages and procedures for distribution thereof, (iii) approving the form of ballot and

---

[1] The Debtors in these cases, along with the last four (4) digits of their federal tax identification numbers, are: (1) One Table Restaurant Brands, LLC, a Delaware limited liability company (9853); (2) One Table Restaurant Operations, LLC, a Delaware limited liability company (7280), (3) Tender Greens OpCo, LLC, a Delaware limited liability company (7827); (4) Tocaya Holdings LLC, a Nevada limited liability company (8815); (5) Tocaya Organica, LLC, a California limited liability company (6720); (6) Tocaya Management, LLC, a Nevada limited liability company (6789); (7) BLT Steak LA LLC, a California limited liability company (4688); (8) Tocaya Venice LLC, a California limited liability company (0159); (9) Tocaya South Bay LLC, a California limited liability company (0401); (10) Tocaya Toluca LLC, a California limited liability company; and (11) Tocaya Santa Monica LLC, a California limited liability company (8134).  The Debtors' mailing address is:  1201 W. 5th Street, Suite T-310, Los Angeles, CA 90017.

[2] Capitalized terms not otherwise defined herein shall have the meaning set forth in the Plan.

1

establishing voting procedures, and (iv) scheduling a hearing (the "Confirmation Hearing") and establishing notice and objection procedures with respect to confirmation of the Plan; and the solicitation materials having been transmitted to all holders of Claims in Class 3 (the "Voting Class") as provided for by the Solicitation Procedures Order; and the Confirmation Hearing having been held before the Court on November 6, 2025 after due notice to known holders of Claims and Interests and other parties in interest in accordance with the Solicitation Procedures Order, the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); and upon all of the proceedings held before the Court; and after full consideration of: (i) the Declaration of Leticia Sanchez on behalf of Stretto, Inc. Regarding Voting and Tabulation of Ballots Accepting and Rejecting the Chapter 11 Plan of Liquidation Proposed by the Jointly Administered Debtors (the "Voting Agent Declaration"), (ii) the Declaration of Huntley Castner and the testimony contained therein, (iii) the Court having taken judicial notice of the pleadings and other filings in the Chapter 11 Cases, and (iv) all other evidence proffered or adduced, memoranda and objections filed in connection with, and arguments of counsel made at, the Confirmation Hearing; and after due deliberation and sufficient cause appearing therefor,

It hereby is **DETERMINED, FOUND, ADJUDGED, DECREED AND ORDERED THAT**:

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

1.      Findings and Conclusions. The findings and conclusions set forth herein and on the record of the Confirmation Hearing constitute the Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Bankruptcy Rules 7052 and 9014. To the extent any of the following findings of fact constitute

10645092.1

conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

2.     Exclusive Jurisdiction; Venue; Core Proceeding (28 U.S.C. §§ 157(b)(2), 1334(a)). The Court has jurisdiction over the Chapter 11 Cases pursuant to sections 157 and 1334 of title 28 of the United States Code and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated as of February 29, 2012.  Venue of these Chapter 11 Cases is proper pursuant to sections 1408 and 1409 of title 28 of the United States Code. Confirmation of the Plan is a core proceeding pursuant to section 157(b)(2)(L) of title 28 of the United States Code, and this Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

3.     Commencement and Joint Administration of the Cases.  On the Petition Date, each of the Debtors commenced a case under chapter 11 of the Bankruptcy Code.  By prior order of the Court, the Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015.  The Debtors have operated their businesses and managed their properties as debtors in possession pursuant to Sections[3] 1107(a) and 1108.  No trustee or examiner has been appointed in these Chapter 11 Cases.

4.     Creditors' Committee.  On August 2, 2024, the U.S. Trustee appointed the Committee in these Chapter 11 Cases.

5.     Judicial Notice.  The Court takes judicial notice of the docket of the Chapter 11 Cases maintained by the Clerk of the Court, including, without limitation, all pleadings and other documents filed and orders entered thereon.  The Court also takes judicial notice of all evidence

---

[3] Unless otherwise noted, any use of the capitalized "Section" herein shall refer to the applicable section in the Bankruptcy Code found at Title 11 of the United States Code.

10645092.1

proffered or adduced and all arguments made at the hearings held before the Court during the pendency of these Chapter 11 Cases.

6.     Burden of Proof.  The Plan Proponents have the burden of proving the elements of Section 1129 by a preponderance of the evidence, and they have met that burden as further found and determined herein.

7.     Notice; Transmittal and Mailing of Materials.

(a)     Due, adequate and sufficient notice of the Disclosure Statement, the Plan and the Confirmation Hearing, along with the deadlines for voting on and filing objections to the Plan, has been given to all known holders of Claims and Interests in accordance with the procedures set forth in the Solicitation Procedures Order, and no other or further notice is or shall be required;

(b)     The Disclosure Statement, Plan, Ballot and Solicitation Procedures Order were transmitted and served in good faith and in compliance with the Solicitation Procedures Order, the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules and such transmittal and service were adequate and sufficient, and no further notice is or shall be required.  All procedures used to distribute the solicitation packages to Class 3 were fair and conducted in accordance with the Solicitation Procedures Order, the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and all other applicable rules, laws and regulations;

(c)     Adequate and sufficient notice of the Confirmation Hearing and other deadlines described in the Solicitation Procedures Order and the Plan have been given in compliance with the Bankruptcy Code, the Bankruptcy Rules and the Solicitation Procedures Order, and no other or further notice is or shall be required; and

(d)     The disclosure of any further modifications on the record of the Confirmation Hearing, constitute due and sufficient notice of the Plan and all later modifications thereto.

10645092.1

8.      Voting.  As evidenced by the Voting Agent Declaration, votes to accept the Plan have been solicited and tabulated fairly, in good faith and in a manner consistent with the Solicitation Procedures Order, the Bankruptcy Code and the Bankruptcy Rules.

9.      Adequate Information (11 U.S.C. § 1125).  The Plan contains adequate information and details to enable holders of Claims to make an informed decision about the Plan. The disclosures set forth in the Plan satisfy Section 1125 on a final basis.

10.     Plan Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(1)).  The Plan complies with the applicable provisions of the Bankruptcy Code, satisfying Section 1129(a)(1).

11.     Proper Classification (11 U.S.C. §§ 1122 and 1123(a)(1)).  The Plan provides for the separate classification of Claims and Interests.  In addition to Administrative Claims and Priority Tax Claims that need not be classified, the Plan classifies three (3) Classes of Claims and one (1) Class of Interests in the Debtors:

> Class 1 – Secured Claim of Maricopa County Treasurer
>
> Class 2 – Secured Claim of San Diego County Treasurer and Tax Collector
>
> Class 3 - General Unsecured Claims
>
> Class 4 - Equity Interests

12.     The Claims and Interests placed in each Class are substantially similar to other Claims or Interests in each such Class.  Valid business, factual and legal reasons exist for separately classifying the various Classes of Claims and Interests created under the Plan, the classifications were not done for any improper purpose, and such Classes do not unfairly discriminate between or among holders of Claims or Interests.  Accordingly, the Plan satisfies Sections 1122 and 1123(a)(1).

10645092.1

13.     Specified Treatment of Unimpaired Classes (11 U.S.C. § 1123(a)(2)). Article VII of the Plan specifies that Classes 1 and 2 are unimpaired as required by Section 1123(a)(2).

14.     Specified Treatment of Impaired Classes (11 U.S.C. § 1123(a)(3)).  Article VII of the Plan designates Class 3 (General Unsecured Claims) and Class 4 (Equity Interests) as impaired, and Article VII of the Plan specifies the treatment of all of these Classes of Claims and Interests under the Plan.  Accordingly, the Plan satisfies Section 1123(a)(3).

15.     No Discrimination (11 U.S.C. § 1123(a)(4)).  Article VII of the Plan provides for the same treatment by the Debtors for each Claim or Interest in each respective Class, unless the holder of a Claim or Interest has agreed to a less favorable treatment, satisfying Section 1123(a)(4).

16.     Implementation of Plan (11 U.S.C. § 1123(a)(5)).  Article IX of the Plan provides adequate and proper means for the Plan's implementation, satisfying Section 1123(a)(5).

17.     Nonvoting Equity Securities (11 U.S.C. § 1123(a)(6)).  Section 1123(a)(6) does not apply because the Debtors are liquidating and on the Effective Date, all outstanding prepetition Interests in the Debtors shall be cancelled and no new securities are being issued.

18.     Designation of Directors and Officers (11 U.S.C. § 1123(a)(7)).  Article IX of the Plan provides that the Post-Effective Date Debtors will act as the Plan Administrator who will be the representative of the Debtors' Estates appointed pursuant to Section 1123(b)(3).  The Plan satisfies Section 1123(a)(7).

19.     Impairment/Unimpairment of Classes of Claims and Equity Interests (11 U.S.C. § 1123(b)(1)).  Section 1123(b)(1) provides that a plan may "impair or leave unimpaired any class of claims, secured or unsecured, or of interests."  Article VII of the Plan sets forth the treatment of four (4) Classes, the Plan is consistent with Section 1123(b)(1).

10645092.1

20.      Assumption, Assignment, and Rejection (11 U.S.C. § 1123(b)(2)).    Section 1123(b)(2) allows a plan to provide for the assumption, assumption and assignment, or rejection of executory contracts and unexpired leases pursuant to Section 365.  As contemplated by Section 1123(b)(2), Article X, Section 10.1 of the Plan provides that all of the Debtors' Executory Contracts will be deemed rejected as of the Effective Date, except with respect to any Executory Contract that (a) the Debtors previously assumed, assumed and assigned or rejected, or (b) for which, prior to the Effective Date, the Debtors have Filed a motion to assume, assume and assign, or reject on which the Bankruptcy Court has not ruled. Therefore, the Plan is consistent with Section 1123(b)(2).

21.      Additional Plan Provisions (11 U.S.C. § 1123(b)(3).  Pursuant to and consistent with Section 1123(b)(3), Article XI provides that the Debtors will have the authority to object to Claims, including (1) file, withdraw or litigate to judgment objections to Claims, and (2) settle or compromise any Disputed Claim.

22.      Additional Plan Provisions (11 U.S.C. § 1123(b)(6)).  Section 1123(b)(6) provides that a plan may "include any other appropriate provision not inconsistent with the applicable provisions of [the Bankruptcy Code]."  In accordance with Section 1123(b)(6), the Plan contains release, injunction and exculpation provisions that are integral to the Plan and are consistent with applicable provisions of the Bankruptcy Code and case law in the Third Circuit.  Accordingly, the Plan's additional provisions, including, without limitation, certain release, exculpation, injunction and substantive consolidation provisions, are fair, appropriate and consistent with the applicable provisions of the Bankruptcy Code.  The Plan does not contain any releases of third parties of the Debtors.

10645092.1

23.    <u>Bankruptcy Rule 3016(a)</u>.  The Plan reflects the date it was filed with the Court and identifies the entities submitting it as Plan Proponents.    Accordingly, the Plan satisfies Bankruptcy Rule 3016(a).

24.    <u>Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(2))</u>.  Section 1129(a)(2) requires that the plan proponent "compl[y] with the applicable provisions of [the Bankruptcy Code]."  The Plan Proponents have complied with the applicable provisions of the Bankruptcy Code.  Accordingly, the Plan satisfies Section 1129(a)(2).  Specifically, among other things:

(a)    The Debtors are proper debtors under Section 109(d);

(b)    The Plan Proponents have complied with applicable provisions of the Bankruptcy Code, except as otherwise provided or permitted by order of the Court; and

(c)    The Plan Proponents have complied with the applicable provisions of the Bankruptcy Rules, the Local Rules, and the Solicitation Procedures Order in (i) transmitting the Disclosure Statement, the Plan and related documents and notices and (ii) soliciting and tabulating votes on the Plan.

25.    <u>Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3))</u>.  The Plan Proponents have proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying Section 1129(a)(3).  The Plan Proponents' good faith is evident from the facts and records of these Chapter 11 Cases, the Disclosure Statement, and the record of the Confirmation Hearing and other proceedings held in these Chapter 11 Cases.  The Plan was proposed with the legitimate and honest purpose of making distributions and liquidating (or otherwise monetizing) the Debtors' assets and maximizing their value for the benefit of their creditors.

26.    <u>Payments for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4))</u>.  Section 1129(a)(4) requires that payments made by the Debtors on account of services or costs and

10645092.1

expenses incurred in connection with the Plan or the Chapter 11 Cases either be approved or subject to Court approval as reasonable.  Any payment made or to be made by any of the Debtors for services or for costs and expenses in or in connection with these Chapter 11 Cases, or in connection with the Plan and incident to these Chapter 11 Cases, has been approved by, or is subject to the approval of, the Court as reasonable.  Accordingly, the Plan satisfies Section 1129(a)(4).

27.    <u>Directors, Officers and Insiders (11 U.S.C. § 1129(a)(5))</u>.  Section 1129(a)(5)(A)(i) requires the proponent of a plan to disclose the identity of certain individuals who will hold positions with the debtor or its successor after confirmation of the plan.  Pursuant to the Plan there will be no individuals who will hold positions with the Debtors and there will be no successors to the Debtors after confirmation of the Plan.  Accordingly, Section 1129(a)(5) does not apply.

28.    <u>No Rate Changes (11 U.S.C. § 1129(a)(6))</u>.    Section 1129(a)(6) permits confirmation only if any regulatory commission that will have jurisdiction over the debtor after confirmation has approved any rate change provided for the Plan.  This provision is not applicable as the Debtors are no longer conducting business and the Plan does not provide for any changes in any regulated rates.  Accordingly, the Plan satisfies Section 1129(a)(6).

29.    <u>Best Interests of Creditors (11 U.S.C. § 1129(a)(7))</u>.  Section 1129(a)(7) sets forth the so-called "best interests test."  This section requires that, for an impaired class of claims, each holder within that class receives or retains property under the plan that is not less than they would receive in a liquidation.  The Plan satisfies Section 1129(a)(7).  The liquidation analysis and other evidence proffered or adduced at the Confirmation Hearing:  (a) are persuasive and credible; (b) have not been controverted by other evidence; and (c) establish that each holder of an impaired Claim or Interest either has accepted the Plan or will receive or retain under the Plan, on account

10645092.1

of such Claim or Interest, property of a value, as of the Effective Date, that is not less than the amount that such holder would receive or retain if the Debtors were liquidated under chapter 7 of the Bankruptcy Code on such date. Accordingly, the Plan satisfies Section 1129(a)(7).

30.    Acceptance by Certain Classes (11 U.S.C. § 1129(a)(8)).    Section 1129(a)(8) requires that each class of claims or interests either accept the plan or not be impaired under the plan. As set forth above, there are two (2) impaired classes of claims and interests. Class 3 voted to accept the Plan in accordance with Section 1126(c). Class 4 was not entitled to vote. Accordingly, Section 1129(a)(8) is satisfied.

31.    Treatment of Administrative, Priority Tax, and Other Priority Claims (11 U.S.C. § 1129(a)(9)). The treatment of Administrative Claims pursuant to Section 6.1 of the Plan satisfies the requirements of Section 1129(a)(9)(A). The treatment of Priority Tax Claims pursuant to Section 6.3 of the Plan satisfies the requirements of Section 1129(a)(9)(C). Accordingly, the Plan satisfies the requirements of Section 1129(a)(9).

32.    Acceptance by Impaired Classes (11 U.S.C. § 1129(a)(10)). Section 1129(a)(10) requires that, if there is an impaired class of claims under the plan, at least one impaired class has accepted the Plan, exclusive of insider votes. Class 3 is an impaired Class and voted to accept the Plan, determined without including any acceptance of the Plan by any insider. Accordingly, the Plan satisfies the requirements of Section 1129(a)(10).

33.    Feasibility (11 U.S.C. § 1129(a)(11)).    Section 1129(a)(11)'s feasibility test mandates that confirmation of a plan will not likely be followed by a liquidation or further reorganization of the debtor, unless such liquidation or reorganization is proposed in the plan. 11 U.S.C. § 1129(a)(11). The evidence proffered or adduced at the Confirmation Hearing regarding feasibility: (a) is persuasive and credible; (b) has not been controverted by other evidence; and (c)

10645092.1

establishes that the Debtors will have sufficient funds to administer and consummate the Plan and to close these Chapter 11 Cases.  Moreover, the liquidation of the Debtors is proposed in the Plan. Accordingly, the Plan satisfies the requirements of Section 1129(a)(11).

34.    Payment of Fees (11 U.S.C. § 1129(a)(12)).  Section 1129(a)(12) provides that "[a]ll fees payable under section 1930 of title 28, as determined by the court at the hearing on confirmation of the plan, have been paid or the plan provides for the payment of all such fees on the effective date of the plan."  As provided in Section 6.1(b) of the Plan, all fees payable pursuant to 28 U.S.C. § 1930 on account of disbursements made by the Debtors through the Effective Date shall be paid by the Debtors in Cash no later than the Effective Date.  The Plan satisfies the requirements of Section 1129(a)(12).

35.    Continuation of Retiree Benefits (11 U.S.C. § 1129(a)(13)).  Section 1129(a)(13) does not apply in these Chapter 11 Cases because the Debtors are not obligated to pay any retiree benefits.

36.    Payment of Domestic Support Obligations (11 U.S.C. § 1129(a)(14)).  The Debtors are not subject to any domestic support obligations, and as such this section does not apply in these Chapter 11 Cases.

37.    Objection by Holder of Allowed Unsecured Claim to Plan of an Individual (11 U.S.C. § 1129(a)(15)).  Section 1129(a)(15) does not apply in these Chapter 11 Cases because none of the Debtors is an individual.

38.    Transfers of Property by Nonprofit Entities (11 U.S.C. § 1129(a)(16)).  Section 1129(a)(16) does not apply in these Chapter 11 Cases because each of the Debtors is a moneyed, business or commercial corporation.

10645092.1

39.     No Unfair Discrimination; Fair and Equitable (11 U.S.C. § 1129(b)).    Section 1129(b) provides that if all applicable requirements of Section 1129(a) are met, notwithstanding a failure to comply with Section 1129(a)(8), a plan may be confirmed so long as it does not discriminate unfairly and is fair and equitable with respect to each class of claims and interests that is impaired and has not accepted the plan.    Based upon the evidence proffered or adduced at the Confirmation Hearing, the Disclosure Statement and all other evidence before the Court: (i) the Plan satisfies all of the other requirements of Section 1129(a); and (ii) the Plan does not discriminate unfairly and is fair and equitable with respect to Class 3 and Class 4, as required by Sections 1129(b)(1) and (2).    Upon confirmation and the occurrence of the Effective Date, the Plan shall be binding upon the members of all Classes, including those of Class 3 and Class 4.

40.     Only One Plan (11 U.S.C. § 1129(c)).    The Plan is the only chapter 11 plan filed in these Chapter 11 Cases.    As such, Section 1129(c) is met.

41.     Principal Purpose of the Plan (11 U.S.C. § 1129(d)).    The principal purpose of the Plan, as evidenced by its terms, is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933.

42.     Good Faith Solicitation (11 U.S.C. § 1125(e)).    Based on the record before this Court in these Chapter 11 Cases, the Exculpated Parties have acted in "good faith" within the meaning of Section 1125(e) and in compliance with the applicable provisions of the Bankruptcy Code and the Bankruptcy Rules in connection with all of their respective activities relating to the solicitation of acceptances to the Plan and their participation in the activities described in Section 1125, and the Exculpated Parties are entitled to the protections afforded by Section 1125(e) and the exculpation provisions set forth in Article XII of the Plan.

10645092.1

43.    Satisfaction of Confirmation Requirements.  Based upon the foregoing, the Plan satisfies the requirements for confirmation set forth in Section 1129.

44.    Implementation.  All documents and agreements necessary to implement the Plan have been negotiated in good faith at arm's-length, are in the best interests of the Debtors and their Estates, and shall upon execution be valid, binding and enforceable documents and agreements not in conflict with any federal or state law.

45.    Good Faith.  The Exculpated Parties under the Plan will be acting in good faith if they proceed to (a) consummate the Plan and the agreements, settlements, transactions and transfers contemplated thereby and (b) take the actions authorized and directed by this Confirmation Order.

46.    Assumption or Rejection of Executory Contracts and Unexpired Leases.  The Debtors have exercised reasonable business judgment in determining whether to assume or reject each of their executory contracts and unexpired leases as set forth in Article X of the Plan.

47.    Conditions to Confirmation.  The conditions to Confirmation set forth in Article XIII, Section 13.1 of the Plan have been satisfied, waived or will be satisfied by entry of this Confirmation Order.

48.    Conditions to Effective Date.  The conditions to the Effective Date are set forth in Article XIII, Section 13.2 of the Plan.

49.    Retention of Jurisdiction.  The Court properly may retain jurisdiction over the matters set forth in Article XIV of the Plan.

50.    Release, Injunction and Exculpation.  The release, injunction and exculpation provisions set forth in Article XII of the Plan constitute good faith compromises and settlements of the matters covered thereby.  Such compromises and settlements are made in exchange for

10645092.1

consideration, are in the best interests of the Debtors, their Estates, and holders of Claims and Interests, are fair, equitable, reasonable, and are integral elements of the resolution of these Chapter 11 Cases in accordance with the Plan.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

51.     <u>Confirmation</u>.  The Plan, a copy of which is attached hereto as <u>Exhibit A</u>, is approved and confirmed under Section 1129 and the disclosures set forth therein are approved pursuant to Section 1125.  The terms of the Plan are incorporated by reference into and are an integral part of this Confirmation Order.

52.     <u>Objections</u>.  All objections to the Plan or to Confirmation of the Plan that have not been withdrawn, waived or settled, and all reservations of rights pertaining to Confirmation of the Plan, are overruled on the merits.

53.     <u>Provisions of Plan and Order Nonseverable and Mutually Dependent</u>.  The provisions of the Plan and this Confirmation Order, including the findings of fact and conclusions of law set forth herein, are nonseverable and mutually dependent.

54.     <u>Solicitation and Notice</u>.  Notice of the Confirmation Hearing complied with the terms of the Solicitation Procedures Order, was appropriate and satisfactory based on the circumstances of the Chapter 11 Cases and was in compliance with the provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.  The solicitation of votes on the Plan complied with the solicitation procedures in the Solicitation Procedures Order, was appropriate and satisfactory based upon the circumstances of these Chapter 11 Cases and was in compliance with the provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

10645092.1

55.    Implementation of the Plan.   The Plan will be implemented by the Plan Administrator in a manner consistent with the terms and conditions set forth in the Plan and this Confirmation Order.

56.    Plan Funding.  The Plan shall be funded by cash on hand, the Distribution Fund, and BW/OTRB's payment of the BW/OTRB Backstopped Claims.  For the avoidance of doubt, the Distribution Fund cannot be used to pay the BW/OTRB Backstopped Claims.

57.    US Trustee Quarterly Fees.  All fees due and payable pursuant to section 1930 of Title 28 of the U.S. Code, together with the statutory rate of interest set forth in section 3717 of Title 31 of the U.S. Code to the extent applicable ("Quarterly Fees") prior to the Effective Date shall be paid by the Debtors on the Effective Date. After the Effective Date, the Reorganized Debtors and any entity making disbursements on behalf of any Debtor or any Reorganized Debtor or making disbursements on account of an obligation of any Debtor or any Reorganized Debtor (each a "Disbursing Entity"), shall be jointly and severally liable to pay Quarterly Fees when due and payable.

58.    Management of Debtors.  On the Effective Date, the Debtors' officers and the current members of the Debtors' boards of directors and/or managers shall be relieved of all further responsibilities, and shall be deemed to have resigned their positions with the Debtors.  From and after the Effective Date, the Post-Effective Date Debtors shall administer the affairs of the Debtors as set forth in the Plan and this Confirmation Order.

59.    Dissolution of the Committee.  On the Effective Date, the Committee shall automatically dissolve, and its Professionals and members thereof shall be released and discharged from all rights and duties from or related to the Chapter 11 Cases, except with respect to (i) any applications for Professional Compensation Claims, including preparing same, objecting to same,

defending same and attending any hearing with respect to same; and (ii) any motions or other actions seeking enforcement or implementation of the provisions of the Plan or this Confirmation Order.

60. <u>Cancellation of Interests</u>. On the Effective Date, all outstanding prepetition Interests in the Debtors shall be deemed cancelled without further act or action under any applicable agreement, law, regulation, order or rule and the obligations of the Debtors relating to, arising under, in respect of, or in connection with such securities, instruments, or agreements shall be deemed discharged, released and/or satisfied as to the Debtors. Following the Effective Date, the Plan Administrator will be authorized to execute and file on behalf of creditors Form UCC-3 termination statements, mortgage releases or such other forms as may be necessary or appropriate to implement the provisions of Article IX of the Plan. For the avoidance of doubt, the Debtors shall not receive a discharge pursuant to Section 1141(d)(3).

61. <u>Substantive Consolidation of the Debtors for Purposes of the Plan.</u> Entry of the Confirmation Order shall constitute the approval, pursuant to Section 105(a), effective as of the Effective Date, of the substantive consolidation of the Debtors for voting, confirmation and distribution purposes under the Plan. Solely for such purposes, on and after the Effective Date: (a) all Assets (and all proceeds thereof) and liabilities of each Debtor shall be deemed merged or treated as though they were merged into and with the assets and liabilities of the other Debtors, (b) no Distributions shall be made under the Plan on account of Intercompany Claims among the Debtors and all such Claims shall be eliminated, (c) all guarantees of the Debtors of the obligations of any other Debtor shall be deemed eliminated and extinguished so that any Claim against any Debtor and any guarantee thereof executed by any other Debtor and any joint and several liability of any of the Debtors shall be deemed to be one obligation of the consolidated Debtors, (d) each

16

and every Claim filed or to be filed in any of the Cases shall be deemed filed against the consolidated Debtors, and shall be deemed one Claim against and obligation of the consolidated Debtors, and (e) for purposes of determining the availability of the right of set-off under Section 553, the Debtors shall be treated as one entity so that, subject to the other provisions of Section 553, debts due to any of the Debtors may be set-off against the debts of the other Debtors.  Such substantive consolidation shall not affect (other than for the purposes set forth above), (i) the legal and corporate structures of the Debtors, or (ii) distributions from any insurance policies or proceeds of such policies.

62.    Defenses and Setoffs.  Nothing contained in the Plan shall constitute a waiver or release by the Debtors of any rights in respect of legal and equitable objections, defenses, setoffs, or recoupment.  To the extent permitted by applicable law, the Debtors may, but shall not be required to, set off or recoup against any Claim and the payments or other Distributions to be made under the Plan in respect of such Claim, claims of any nature whatsoever that arose before the Petition Date that the Estates or the Debtors may have against the Holder of such Claim.  Notwithstanding anything to the contrary herein, nothing in the Plan or this Confirmation Order shall modify (A) the rights, if any, of any of Street Retail, LLC t/a The Point; Kierland Greenway, LLC t/a Kierland Commons; or PCH Property, LLC t/a 2nd & PCH, Long Beach, CA as counterparty to an unexpired lease to assert any right of setoff or recoupment that such party may have under applicable bankruptcy law or non-bankruptcy law, including, but not limited to, the (i) ability, if any, of such parties to setoff or recoup a security deposit held pursuant to the terms of their unexpired lease with the Debtors, or any successors to the Debtors, under this Plan, (ii) assertion of rights of setoff or recoupment, if any, in connection with claims reconciliation, or (iii) assertion of setoff or recoupment as a defense, if any, to any claim or action by the Debtors, the

10645092.1

Debtors' Estates, or any successors or assigns of the Debtors; and (B) the Debtors', the Reorganized Debtors', or the Plan Administrator's rights to object to any alleged setoff or recoupment.

63.     <u>Reserve for Disputed Claims</u>.     On and after the Effective Date, the Plan Administrator may maintain in reserve such Cash from the applicable distributable assets as the Plan Administrator deems reasonably necessary to satisfy Disputed Claims.

64.     <u>Distributions Upon Allowance of Disputed Claims</u>.     Except as otherwise provided in a Final Order or as agreed by the relevant parties, Distributions on account of Disputed Claims, if any, that become Allowed, shall be made by the Plan Administrator at such periodic intervals as the Plan Administrator determines to be reasonably prudent.

65.     <u>Plan Distributions</u>.     The Plan Administrator shall be responsible for making Distributions under the Plan pursuant to the terms set forth in the Plan. The Plan Administrator shall be entitled to deduct any federal, state or local withholding taxes from any Distributions made with respect to Allowed Claims, as appropriate.   The Plan Administrator shall be authorized to require each Holder of a Claim to provide it with an executed Form W-9, Form W-8, or any other tax form, documentation or certification as may be reasonably requested by the Plan Administrator as a condition precedent to being sent a Distribution.

66.     <u>De Minimis Distributions</u>.     If any Distribution under the Plan to the Holder of an Allowed Claim would be less than $25.00, the Debtors shall cancel such Distribution and said Distribution(s) shall be reallocated as set forth in Section 7.4 of the Plan.

67.     <u>Delivery of Plan Distributions</u>.     Except as otherwise provided in the Plan, Distributions under the Plan on account of any Allowed Claims shall be made to Holders of Record as of the Distribution Record Date by the Plan Administrator, as set forth on the latest date of the

18

following documents: (a) to the address of payment set forth on the applicable proof of Claim Filed by such Holder; (b) at the address reflected in the Schedules if no proof of Claim has been Filed, and (c) the address set forth in any written notices of address changes delivered to the Plan Administrator. The Plan Administrator shall make one attempt to make the Distributions in accordance with the Plan. In the event that any distribution to any holder is returned as undeliverable, the Plan Administrator, in its sole discretion may, but shall have no obligation to, attempt to locate Holders of undeliverable or unclaimed Distributions. Any Distributions returned to the Plan Administrator as undeliverable or are otherwise unclaimed shall remain in the possession of the Plan Administrator until such time as a Distribution becomes deliverable or claimed, and no further Distributions shall be made to such Holder unless such Holder notifies the Plan Administrator of its then current address. Any Holder of an Allowed Claim or Interest entitled to a Distribution of property under this Plan that does not assert a claim pursuant to the Plan for an undeliverable Distribution, or notify the Plan Administrator of such Holder's then current address, within ninety (90) days of the date that such Distribution is first made shall have its claim for such undeliverable Distribution irrevocably waived and shall be forever barred from asserting any such claim against the Debtors or their respective property, and such Distribution shall be deemed unclaimed property under Article 11.2(h).

68.    _Distributions to Holders as of the Confirmation Date_. As of 5:00 p.m. (prevailing Eastern Time) on the Distribution Record Date, the transfer registers for Claims shall be closed. The Plan Administrator shall have no obligation to recognize the transfer or sale of any Claim that occurs after such time on the Distribution Record Date and shall be entitled for all purposes herein to recognize and make Distributions only to those Holders who are Holders of Claims as of 5:00 p.m. (prevailing Eastern Time) on the Distribution Record Date.

19

10645092.1

69.     <u>Indefeasibility of Distributions</u>.  All distributions provided for under the Plan shall be indefeasible.

70.     <u>Saturday, Sunday, or Legal Holiday</u>.  If any payment or act under the Plan is required to be made or performed on a date that is not a Business Day, then the making of such payment or the performance of such act may be completed on the next Business Day.

71.     <u>Assumption or Rejection of Executory Contracts</u>.  On the Effective Date, except as provided in the Plan, all Executory Contracts are hereby deemed rejected as of the Effective Date in accordance with, and subject to, the provisions and requirements of Sections 365 and 1123, except with respect to any Executory Contract that (a) the Debtors previously assumed, assumed and assigned or rejected, or (b) for which, prior to the Effective Date, the Debtors have Filed a motion to assume, assume and assign, or reject on which the Bankruptcy Court has not ruled.

72.     <u>Bar Date for Filing Proofs of Claim Relating to Executory Contracts Rejected Pursuant to the Plan</u>.  All Claims for damages against the Debtors arising out of the rejection of Executory Contracts pursuant to the Plan must be filed with the Claims Agent so as to actually be received on or before the date that is thirty (30) days after the Effective Date.

73.     <u>Compensation and Benefit Programs</u>.  To the extent not previously terminated, all employment and severance agreements and policies, and all employee compensation and benefit plans, policies and programs of the Debtors applicable generally to their respective current employees or officers as in effect on the Effective Date, including, without limitation, all savings plans, retirement plans, health care plans, disability plans, severance benefit plans, incentive plans and life, accidental death and dismemberment insurance plans, shall be terminated as of the Effective Date.

10645092.1

74.     <u>Modification of Plan</u>.  The Plan Proponents may alter, amend or modify the Plan or any exhibits or schedules thereto pursuant to Section 1127(a) at any time prior to or after the Confirmation Date but prior to the substantial consummation of the Plan, provided, however, that any such alteration, amendment or modification does not materially and adversely affect the treatment of Holders of Claims or Interests under the Plan. Any Holder of a Claim that has accepted the Plan shall be deemed to have accepted the Plan, as altered, amended or modified, if the proposed alteration, amendment or modification does not materially and adversely change the treatment of the Claim of such Holder.

75.     <u>Revocation or Withdrawal of Plan</u>.  The Plan Proponents reserve the right to alter, amend, modify, revoke or withdraw the Plan, or any part thereof, prior to its substantial consummation.  If the Plan Proponents revoke or withdraw the Plan prior to the Effective Date, then the Plan shall be deemed null and void.

76.     <u>Retention of Jurisdiction</u>.  Following the Effective Date, the Court will retain exclusive jurisdiction of the Chapter 11 Cases to the maximum extent permitted by law for the purposes set forth in Section 14.1 of the Plan.  If the Court abstains from exercising or declines to exercise jurisdiction over any matter arising under, arising in or related to the Chapter 11 Cases, including with respect to the matters set forth in Section 14.1 of the Plan, such Section shall not prohibit or limit the exercise of jurisdiction by any other court having competent jurisdiction with respect to such subject matter.

77.     <u>Injunction</u>.  EXCEPT AS OTHERWISE SPECIFICALLY PROVIDED IN THE PLAN, RELATED DOCUMENTS, OR FOR OBLIGATIONS ISSUED PURSUANT TO THE PLAN, ALL ENTITIES WHO HAVE HELD, HOLD, OR MAY HOLD CLAIMS AGAINST OR INTERESTS AGAINST ANY ONE OR MORE OF THE DEBTORS AND ANY SUCCESSORS,

10645092.1

ASSIGNS OR REPRESENTATIVES OF SUCH PERSON, SHALL BE PRECLUDED AND PERMANENTLY ENJOINED ON AND AFTER THE EFFECTIVE DATE FROM (A) COMMENCING OR CONTINUING IN ANY MANNER ANY CLAIM, ACTION OR OTHER PROCEEDING OF ANY KIND AGAINST ANY OF THE ASSETS TO BE DISTRIBUTED UNDER THIS PLAN, (B) ENFORCING, ATTACHING, COLLECTING OR RECOVERING BY ANY MANNER OR MEANS OF ANY JUDGMENT, AWARD, DECREE, OR ORDER WITH RESPECT TO ANY OF THE ASSETS TO BE DISTRIBUTED UNDER THIS PLAN, (C) CREATING, PERFECTING OR ENFORCING ANY ENCUMBRANCE OF ANY KIND WITH RESPECT TO ANY OF THE ASSETS TO BE DISTRIBUTED UNDER THIS PLAN, AND (D) ACTING OR PROCEEDING IN ANY MANNER, IN ANY PLACE WHATSOEVER THAT DOES NOT CONFORM WITH THE PROVISIONS OF THE PLAN TO THE FULL EXTENT PERMITTED BY APPLICABLE LAW.   TO BE CLEAR, AS THIS IS A PLAN OF LIQUIDATION, THE DEBTORS WILL NOT RECEIVE A DISCHARGE IN THE CHAPTER 11 CASES.   ALL ENTITIES SHALL BE PRECLUDED FROM ASSERTING AGAINST THE DEBTORS, THE DEBTORS' ESTATES, EACH OF THEIR RESPECTIVE SUCCESSORS AND ASSIGNS, AND EACH OF THEIR ASSETS AND PROPERTIES, ANY OTHER CLAIMS OR INTERESTS BASED UPON ANY DOCUMENTS, INSTRUMENTS OR ANY ACT OR OMISSION, TRANSACTION OR OTHER ACTIVITY OF ANY KIND OR NATURE THAT OCCURRED BEFORE THE EFFECTIVE DATE.

78.     Exculpation.  The exculpation provisions set forth in Section 12.2 of the Plan are approved.

79.     Releases by the Debtors.  The releases provided by the Debtors set forth in Section 12.1 of the Plan are approved.  Specifically, upon the Effective Date, for good and valuable

22

10645092.1

consideration including without limitation the concessions from BW/OTRB in connection with the Final DIP Order, the APA, and its contributions to the Plan, to the fullest extent permissible under applicable law, the Debtors release and discharge each of (i) Breakwater Credit Opportunities Fund II; (ii) OTRB Corporate LLC.; (iii) the Committee and its members (solely in their capacity as such); and (iv) the professionals of each of the foregoing (solely in their capacity as such) (collectively, the "Released Party(ies)") from any and all Claims, Causes of Action, or other Liabilities of any kind or nature whatsoever, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, in law or equity, existing or arising as of the Effective Date; provided, however, that the foregoing shall not release or discharge any Released Party from (i) any obligations arising under or relating to the Plan or the transactions contemplated therein, (ii) any obligations arising under or relating to any APA or any Sale Order, or (iii) any liability for damages resulting from its gross negligence, bad faith, or willful misconduct, as determined by a Final Order entered by a court of competent jurisdiction.

80.    Payment of Statutory Fees.  All outstanding fees payable pursuant to section 1930 of Title 28 of the United States Code shall be paid by the Debtors in Cash no later than the Effective Date.

81.    Governing Law.  Except to the extent the Bankruptcy Code or the Bankruptcy Rules apply, and subject to the provisions of any contract, instrument, release, indenture or other agreement or document entered into in connection with the Plan, the laws of the State of Delaware shall govern the construction and implementation of the Plan and all rights and obligations arising under the Plan.

82.    Section 1146 Exemption.  Pursuant to Section 1146(a), any transfers of property under the Plan shall not be subject to any stamp tax or other similar tax or governmental assessment

23

in the United States.   Consistent with the foregoing, each appropriate state or local governmental officials or agents are, pursuant to the Confirmation Order, ordered and directed to forego the collection of any such tax or governmental assessment and to accept for filing and recordation instruments or other documents pursuant to such transfers of property without the payment of any such tax or governmental assessment.

83.     Severability.   In the event that any provision of the Plan is determined to be unenforceable, such determination shall not limit or affect the enforceability and operative effect of any other provisions of the Plan.

84.     Binding Effect; Counterparts.   The provisions of the Plan shall bind all holders of Claims against the Debtors, whether or not they have accepted the Plan.   The Plan may be executed in any number of counterparts and by different parties hereto on separate counterparts, each of which counterparts, when so executed and delivered, shall be deemed to be an original and all of which counterparts, taken together, shall constitute but one and the same Plan.

85.     Plan Controls.   In the event and to the extent that any provision of the Plan is inconsistent with the provisions of the Disclosure Statement, the provisions of the Plan shall control and take precedence.

86.     Effectuating Documents; Further Transaction.   The Plan Proponents, the Committee, all Holders of Claims receiving Distributions under the Plan, the Holders of Interests in the Debtors and all other parties in interest, are authorized to prepare, execute and deliver any agreements or documents, and take such actions, as may be necessary or advisable to effectuate the provisions and intent of the Plan and this Confirmation Order.

87.     Effectiveness of All Actions.   All actions authorized to be taken pursuant to the Plan shall be effective on, prior to or after the Effective Date pursuant to this Confirmation Order,

24

without further application to, or order of the Court, or further action by the respective officers, directors or interest holders of the Debtors and with the effect that such actions had been taken by unanimous action of such officers, directors or interest holders.

88.     Approval of Consents.  This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules and regulations of all states and any other governmental authority with respect to the implementation or consummation of the Plan and any documents, instruments, or agreements, and any amendments or modifications thereto, and any other acts and transactions referred to in or contemplated by the Plan, the Disclosure Statement, and any related documents, instruments or agreements, and any amendments or modifications thereto.

89.     Professional Compensation Claims Bar Date.  Except as otherwise provided in the Plan, all final applications for payment of Professional Compensation Claims shall be filed and served on counsel for the Debtors, counsel for the Committee, and the U.S. Trustee no later than fourteen (14) days after the Effective Date.  Objections to Professional Compensation Claims must be Filed and served on the Debtors, the Committee, the U.S. Trustee, and the applicable Professional to whose application the objection is addressed no later than twenty-one (21) days after the date the application is Filed.  Any Professional Compensation Claim that is not asserted in accordance with Article VI, Section 6.2 of the Plan shall be deemed Disallowed under the Plan and the holder thereof shall be enjoined from commencing or continuing any Cause of Action, employment of process or act to collect, offset, recoup or recover such Claim against any party.

90.     Notice of Effective Date.  On the Effective Date or as shortly thereafter as reasonably practicable, the Debtors shall file a notice of the Effective Date with the Bankruptcy Court.

10645092.1

91.     References to Plan Provisions.  The failure to include or specifically describe or reference any particular provision of the Plan in this Confirmation Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Plan be approved and confirmed in its entirety.

92.     Findings of Fact.  The determinations, findings, judgments, decrees and orders set forth and incorporated herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  Each finding of fact set forth or incorporated herein, to the extent it is or may be deemed a conclusion of law, shall also constitute a conclusion of law.  Each conclusion of law set forth or incorporated herein, to the extent it is or may be deemed a finding of fact, shall also constitute a finding of fact.

93.     Conflicts Between Confirmation Order and Plan.  The provisions of the Plan and of this Confirmation Order shall be construed in a manner consistent with each other so as to effect the purposes of each; provided, however, that if there is determined to be any inconsistency between any Plan provision and any provision of this Confirmation Order that cannot be so reconciled, then, solely to the extent of such inconsistency, the provisions of this Confirmation Order shall govern and any such provision of this Confirmation Order shall be deemed a modification of the Plan and shall control and take precedence.

94.     Closing of the Chapter 11 Cases.  The Debtors shall have authority to seek to close the Chapter 11 Cases in accordance with the Bankruptcy Code and the Bankruptcy Rules.

95.     Final Decree.  At any time following the Effective Date, the Debtors shall be authorized to file a motion for the entry of a final decree closing the Chapter 11 Cases pursuant to

10645092.1

Section 350.  The Debtors are further authorized, but not required, to close one or more of the

Chapter 11 Cases by filing a certification of counsel immediately following the Effective Date.

96.     Final Order.  This Confirmation Order is a final order and the period in which an

appeal must be filed shall commence upon the entry hereof.

**Dated: November 6th, 2025**
**Wilmington, Delaware**

**KAREN B. OWENS**
**CHIEF JUDGE**

10645092.1